BEAMAN *vs.* J. & A. BLANCHARD and A. ROBERTSON.

Where A. was applied to to lend his name as a maker to a negotiable note for the benefit of B., upon being told that B. could procure C. and D. to sign a note with him for the amount wanted, and A. accordingly signed such note, after the same had been signed by B., C. and D., and when the same fell due was compelled to pay the note, *it was held*, in an action brought by A, against the three others to recover the money thus paid, that the same could not be maintained ; that C. and D. were co-sureties with A., and were liable only for their aliquot proportion of the money paid, to be recovered in a separate action against each.

An indemnity given to A., under the circumstances of this case, by a third person, would have been no bar, to a recovery upon the implied promise had the defendants all been principals.

On a *venire tam quam*, a plaintiff cannot regularly be nonsuited, although the evidence against the defendant who appears, is not sufficient to entitle the plaintiff to recover.

THIS was an action of assumpsit, tried at the Washington circuit in November, 1828, before the Hon. ESEK COWEN, one of the circuit judges.

In the summer of 1826, John Blanchard employed an agent to procure the plaintiff to lend his name in obtaining a loan of $1000 from the Bank of Rutland, who told the plaintiff that Anthony Blanchard and A. Robertson would sign a note for that amount with John Blanchard, and that John Blanchard wished to obtain plaintiff's signature to raise the money. (John Blanchard, A. Blanchard, and A. Robertson resided in this state, and the plaintiff in Vermont; and the plaintiff offered to prove that the Bank of Rutland discounted no foreign paper unless the name of a responsible inhabitant of Vermont was upon it; the evidence however was not received, it being objected to.) The plaintiff agreed to lend his responsibility if another person, viz. D. Russell,

would indemnify him. In the early part of July, 1826, John

Blanchard offered a note of $1000 for discount at the Bank of Rutland, signed by all the defendants and the plaintiff as makers. It was discounted at $500, being endorsed down to that sum ; and John Blanchard was told that the residue of the $1000 would be done in a few days on the like paper. Accordingly, in the same month, he obtained the remaining $500 on another note, signed by the same parties except Robertson. The notes were continued until the 10th March, 1827, when the sum of $200 was paid in, and two notes discounted of $400 each, signed by all the parties as makers, which notes, when due, *were paid by the plaintiff*, and this action was brought against John Blanchard, Anthony Blanchard and A. Robertson, to recover the money thus paid. In addition to the above facts, the plaintiff shewed that on the 10th March, 1827, D. Russell signed a writing, by which he agreed with the plaintiff " to indemnify him for signing two notes with John Blanchard, Alexander Robertson and Anthony Blanchard, for $400 each, dated &c. and payable to the President, Directors and Company of the Bank of Rutland," and that such writing was drawn up by Anthony Blanchard. The plaintiff also proved the declarations of A. Blanchard and A. Robertson, that the plaintiff had signed notes with them at the Bank of Rutland, and that he should not be injured ; A. Blanchard, however, invariably saying that he himself was a surety.

On this evidence the judge decided that the plaintiff was not entitled to sustain his action. It was then suggested that two of the defendants, viz. J. Blanchard and Robertson, had suffered a default, and that the plaintiff could not be nonsuited ; but on the plaintiff's counsel conceding that the liability of those two defendants must depend upon the decision which should be made in reference to the liability of the defendant who had appeared, a nonsuit was directed to be entered. The plaintiff excepted to the decisions of the judge, and a motion was now made to set aside the nonsuit.

*J. Willard*, for plaintiff. As between the plaintiff and the defendants, the plaintiff was the surety of all the defendants,

NEW-YORK, and not the *co-surety* of A. Blanchard and A. Robertson.
May, 1830. The evidence ought to have been submitted to the jury, and
Beaman      the plaintiff should not have been nonsuited. The evidence
    v.      of the usage of the Bank of Rutland ought to have been re-
Blanchard.  ceived. (1 Phil. Ev. 434 to 437. 3 Campb. 310. 3 Johns.
C. 1. 7 Johns. R. 385.) It was irregular to nonsuit the
plaintiff, there being a default on the record as to two of the
defendants. (3 T. R. 662. 1 Burr. 358. Tidd's Pr. 797,
8. 8 Johns. R. 289.) The plaintiff had his election to sue
the defendants on their implied promise or to resort to the in-
demnity of Russell.

    *S. Stevens*, for defendants. The evidence was not suffi-
cient to entitle the plaintiff to recover. There was no joint
liability of the defendants to the plaintiff. A. Blanchard and
A. Robertson were co-sureties with the plaintiff for J. Blan-
chard, and all the plaintiff could claim was one third of the
money paid from each of his co-sureties, and that only in a
separate action against each. (2 Pothier, 67 to 70. 2 Bos.
& Pul. 268.) He, however, was not entitled to recover up-
on the implied promise, having accepted the indemnity of D.
Russel, the acceptance of which destroyed the foundation of
an implied promise. (2 Pothier, 69. 2 T. R. 100.) The
plaintiff cannot now object to the disposal made of the cause
at the circuit, having himself contributed to the error, if any
happened. The court will not, however, for this cause, grant
a new trial, for had the jury under the charge of the judge
found a verdict for the defendants, it would not have been set
aside.

    *By the Court*, SUTHERLAND, J. The plaintiff was properly
nonsuited. The evidence I think satisfactorily shews that the
notes were made exclusively for the benefit of John Blan-
chard, and that Anthony Blanchard and Robertson, as well as
the plaintiff, signed merely as sureties.

    It appears from the testimony of Joseph Wells, that he
originally applied to the plaintiff on the behalf of John Blan-
chard, to induce him to sign a note as surety, to enable
Blanchard to get money at the Rutland bank. The witness
saw the plaintiff and told him, John Blanchard wished to get

$1000 from the Ruthland bank; that he *could get Robertson and Anthony Blanchard to sign a note with him*, and that he also wished to obtain the plaintiff's signature. The plaintiff agreed to lend his responsibility for that purpose, if David Russel would indemnify him. This seems to have been the origin of the loan at the Ruthland bank, and the notes in question were given for the purpose of paying off the original loan, and the proceeds of the notes were so applied. There is no reason to suppose that the character in which Anthony Blanchard and Robertson signed the last notes was different from that in which the first were signed, or that the plaintiff supposed that they had any interest in the loan. In relation to the first notes, he was distinctly informed that *John Blanchard* wanted the money, and that he could get Anthony and Robertson to sign a note with him. The very form of the expression implied that they were to sign merely as sureties, not as principals. The plaintiff did not sign the notes upon the faith of their responsibility, for he insisted upon having the guarantee of Mr. Russell.

If Anthony Blanchard and Robertson were *co-surities* merely, with the plaintiff, then this action certainly cannot be maintained. They are individually, but not jointly liable for their respective proportions of the amount paid by the plaintiff. He must bring his action against each for his aliquot proportion. (*Covell* v. *Edwards*, 2 Bos. & Pull. 268.)

The indemnity exacted by the plaintiff from Mr. Russell, would not affect his right to recover in this action if the defendants had all been principals. Although he had collateral security, and might not have loaned his credit without it, still the money paid by him would have been paid in judgment of law at the request and for the benefit of the defendants. The case of *Toussaint* v. *Martinnant*, (2 T. R. 100,) cited by the counsel for the defendant, does not apply; there the plaintiff, when he became bound as security with the defendant, took a bond from the defendant *himself*, conditioned for the payment of the debt to the plaintiff, for which he had become bound as surety with the defendant. Having been compelled to pay the debt, the plaintiff brought his action for money paid to his use against the defendant. The court

held, that he could not sue upon the implied promise, inasmuch as there was an express contract, and that under seal, to pay the same debt. But if the bond in that case had been given as a collateral guarantee by a *third person*, I apprehend the plaintiff would have found no difficulty in recovering against his principal, upon the implied promise for money paid to his use.

The plaintiff strictly, and in point of form, ought not to have been nonsuited, there being other defendants against whom he had obtained a default. But this course seems to have been adopted by consent of all parties upon the trial, and the plaintiff cannot now object to it.

Motion for new trial denied.