JOHN M. EASTERLY, Appellant and Respondent, *v.* WILLIAM C. BARBER, Appellant and Respondent.

In an action by an indorser of a promissory note, who has paid the same, against a prior indorser, it is competent for defendant to prove by parol that all the indorsers were accommodation indorsers, and by agreement they were, as between themselves, co-sureties.

In such an action it appeared that the holder of the note sued the note and collected it of the subsequent indorser, at the request of, and under an arrangement with, the prior indorser, who thereupon gave security. *Held,* that this did not estop the latter from setting up the agreement between the indorsers.

Evidence was given tending to show that the agreement was made in reference to a prior note which had been renewed from time to time until the note in question was given. The court charged, in substance, that if this was so, and if the last note was signed with the arrangement resting upon the minds of the indorsers, the jury would have no doubt in coming to the conclusion that the agreement attached to the last note. *Held,* no error.

There were four indorsers, between whom the agreement was made. Two were not parties. It was proved that they were insolvent, and plaintiff recovered judgment for half the note. *Held* (CHURCH, Ch. J., dissenting), that the action being one of law against one of the co-sureties, plaintiff was only entitled to recover defendant's proportion, to wit: one-fourth of the debt; that in order to make defendant liable for the one-half because of the insolvency of the others, an action in equity against all should have been brought; also, that the pleadings could not be changed to conform to the facts, as the proper parties were not before the court.

(Argued June 7, 1876; decided June 20, 1876.)

THERE were two appeals in this case, the one by plaintiff from an order of the General Term of the Supreme Court in

the fourth judicial department denying motion for a new trial and directing judgment on a verdict, the other by defendant from the judgment entered upon such order.

The action was brought by plaintiff as third indorser of a promissory note to recover the amount thereof of the second indorser.

The note in question was made by the Stevenson Manufacturing Company, payable to the order of one Knight, who indorsed it. Defendant was second indorser, plaintiff third, and one MacDougall the fourth. Defendant alleged in his answer that the note was given and discounted for the benefit of the maker, in which company all the four indorsers were stockholders; that they indorsed for the accommodation of the company under an agreement that as between themselves they should be co-sureties, and share and contribute equally to the amount all or either should be obliged to pay thereon.

Upon a former trial plaintiff recovered a judgment for one-fourth the amount of the note. It appeared on such trial that the two other indorsers were insolvent. The General Term reversed the judgment and ordered a new trial on the ground that plaintiff was entitled to judgment for one-half the amount. (3 N. Y. S. C. [T. & C.], 421.)

Upon the second, parol evidence was received to prove the allegations of the answer, which was received under objection and exception. The evidence tended to show that the note in suit was a renewal of a former note; that the agreement was made in reference to the original note, which was renewed from time to time. The testimony was conflicting as to whether any thing was said in reference to the liability as co-sureties at the time of the indorsements of the note in suit.

Plaintiff was allowed to prove, under objection and exception, the insolvency of the other two indorsers, Knight and MacDougall. Evidence was given on the part of defendant tending to show that the bank which discounted the note brought suit thereon against plaintiff alone at defendant's request upon his giving security to indemnify the bank.

As to the agreement, the court charged, in substance, that

if the jury found that the agreement was made as claimed by defendant, plaintiff was entitled to judgment for one-half the amount of the note, to which defendant's counsel duly excepted.

The court also charged as follows: "If former notes have been given under this agreement, with the understanding that they were to stand with a joint, instead of a separate liability, and that note was carried along until it came to this one, and they signed this note with the arrangement and understanding resting upon their minds, you will have no doubt in coming to the conclusion that this agreement attaches to this last note;" to which plaintiff's counsel duly excepted. Exceptions were ordered to be heard at first instance at General Term.

*E. H. Avery* for the plaintiff. The court erred in receiving parol evidence to change or vary the relations or liabilities of the parties upon the note in suit. (2 Abb. N. Y. Dig., 661, §§ 763–765; *Johnson* v. *McIntosh*, 31 Barb., 267; *Bk. of Albion* v. *Smith*, 27 id., 489; *Hall* v. *Newcomb*, 7 Hill, 419; *Moore* v. *Cross*, 19 N. Y., 227; *Meyer* v. *Hibsher*, 47 id., 265; *Spies* v. *Gilmore*, 1 Comst., 324; *Richards* v. *Waring*, 1 Keyes, 583; *Brown* v. *Wiley*, 20 How. [U. S.], 442; *Thompson* v. *Ketcham*, 8 J. R., 192; *Mont. Co. Bk.* v. *Albany City Bk.*, 8 Barb., 396; *Norton* v. *Coons*, 8 N. Y., 41; *Barry* v. *Ransom*, 12 id., 465; *Sisson* v. *Barrett*, 2 id., 406; *Cottrell* v. *Conklin*, 4 Duer, 50; *Bates* v. *Stanton*, 1 id., 87, 88.) The motion for a nonsuit was properly denied. (Code, §§ 69, 140, 142, 147, 148; *Phillips* v. *Gorham*, 17 N. Y., 274, 275.) Plaintiff was entitled to recover of defendant one-half the sum paid on the note. (1 Story's Eq. Jur., §§ 495, 496; *Bradley* v. *Burwell*, 3 Den., 66.)

*Francis Kernan* for the defendant. The parol agreement between the co-sureties was valid and obligatory between them. (*Barry* v. *Ransom*, 12 N. Y., 462, 464–467; *Phillips* v. *Preston*, 5 How. [U. S.], 278, 292; *Blake* v. *Cole*, 22 Pick., 97; Chitty on Con. [6th Am. from 3d Lond. ed.], 598, note *i*.) In an action by a surety against one of several co-sureties, he can

each *only the aliquot* proportion of the amount paid, for which all were bound, notwithstanding one or more of the sureties is insolvent. (Chitty on Con. [6th Am. from 3d Lond. ed.], 597, 598; Story's Eq. Jur., § 496; *Braman* v. *Blanchard*, 4 Wend., 432, 435; *Brown* v. *Lee*, 6 B. & C., 689; *Cornell* v. *Edwards*, 2 B. & P., 268.) Plaintiff could only recover one-quarter of the amount paid. (*Reubens* v. *Jewell*, 13 N. Y., 488, 493; *Hubbell* v. *Sibley*, 50 id., 468, 472.) The present action is one which, by the Code, must be tried by a jury. (Code, § 253; 13 N. Y., 498.)

MILLER, J. The first question presented upon these appeals is, whether it is competent in an action by one indorser against a prior indorser for the defendant to prove by parol an agreement between all the indorsers that they were, as between themselves, co-sureties where they are accommodation indorsers. In *Barry* v. *Ransom* (12 N. Y., 462) it was held that an agreement made between parties prior to or cotemporaneously with their executing a written obligation as sureties, by which one promises to indemnify the other from loss, does not contradict or vary the terms or legal effect of the written obligation, and it may be proved by parol evidence. It was said by DENIO, J., in the opinion, that an agreement among the sureties, arranging their eventual liabilities among themselves in a manner different from what the law would prescribe, in the absence of an express agreement, would not contradict any of the terms of the bond. It was also held, that the engagement among themselves had no necessary place in the instrument between them and the other contracting parties. The case cited referred to a joint and several bond, where the obligors were equally liable upon its face. No reason exists, however, why the same principle is not applicable to notes and bills of exchange. The terms of the contract contained in instruments of this character, which are within its scope to define and regulate, cannot be changed by parol; but the understanding between the indorsers is a distinct and separate subject, an outside matter, which may be properly

proved independent of and without any regard to the instrument itself. This rule is distinctly established in reference to joint makers of promissory notes; and although the previous decisions had been somewhat uncertain it has been recently determined by the decision of this court that where a person signed, as surety, a joint and several promissory note, and it did not appear by the instrument itself that such relation existed, he might prove such fact by parol, and that such proof did not tend to alter the terms of the contract. (*Hubbard* v. *Gurney*.*) It is not apparent that any such difference exists between the two classes of cases which prevents the application of the same principle to both of them.

An attempted distinction is sought to be maintained because the relation of indorsers to each other are fixed by law; while the relations and obligations of sureties and obligors are not fixed. As between the principal and the sureties they are fixed quite as much as between indorsers, and can only be settled as between sureties where the contract does not show the fact by parol proof of the same. In support of the same views is the case of *Philips* v. *Preston* (5 How. [U. S.], 278, 292), where the doctrine is laid down that proof of a collateral contract, by parol, may be given to show the liability of indorsers as between themselves. (See, also, *McDonald* v. *Magruder*, 3 Peters, 470; *Aiken* v. *Barkly*, 2 Speers, 747; *Edelen* v. *White*, 6 Bush. [Ky.], 408; *Davis* v. *Morgan*, 64 N. C., 570.) The indorsements upon bills of exchange or promissory notes rest upon the theory that the liability of indorsers to each other is regulated by the position of their names, and that the paper is transferred from the one to the others by indorsement. But this rule has no practical application to accommodation indorsers, where neither of them has owned the paper and no such transfer has been made. It is easy to see that the application of the rule contended for, in many cases, would work the most serious injustice. Suppose a person sign as accommodation maker of a promissory note, and the payee for whose benefit it is made indorses it and pays the

* 64 N. Y., 457.

note, and afterwards sues the .maker to recover back the money, would it be seriously contended that proof could not be given to show that he was merely an accommodation maker? Clearly not; and yet such evidence would contradict the written instrument quite as much as it would to prove an agreement between indorsers in regard to their liability as between each other. Cases frequently arise where it is competent to prove that the indorsement is made for the accommodation of the maker; and a drawee may show, after acceptance, that he has no funds (3 N. Y., 423) in his hands, and that he was merely an accommodation acceptor. (*Griffith* v. *Reed,* 21 Wend., 502.) The cases to which we have been referred by the plaintiff's counsel do not, we think, sustain the position contended for; that parol proof cannot be given to show an arrangement between accommodation indorsers different from that which appears by the legal effect of the instrument, and a particular examination of them is not required. The uniform practice in this State has been in conformity to the views expressed in reference to proof of this character, and it would be establishing a new rule at this time to hold that such testimony was incompetent. There was, therefore, no error committed by the judge in the admission of the evidence to which objection was taken.

There is no force in the objection made by the plaintiff's counsel that the evidence failed to establish the agreement alleged in the answer to have been made in reference to the note in suit. It was purely a question of fact what the agreement actually made was. No request was made to take the case from the jury, and sufficient was shown to submit the question raised to their consideration. There is no ground for claiming that the defendant was estopped from setting up the verbal agreement alleged to have been made as a defence. The arrangement of the defendant with the bank for the prosecution of the note and the collection of the same of the plaintiff, and the security given thereupon do not contain the elements of an estoppel. The defendant was not the actual party in the suit, and the most which can be said in regard to

it is, that the defendant preferred to have it collected of East-
erly instead of himself, and to compel Easterly to sue him for
the proportion which he was lawfully liable to pay. There
was no assumption in this, we think, that estops the defendant.

We are also of the opinion that there was no error in that
portion of the charge wherein the court instructed the jury
that if former notes had been given under the agreement,
with the understanding that they were to stand with a joint
instead of a separate liability, and they were carried along
until they came to this one, which, if it was signed with the
arrangement and understanding resting upon their minds, they
would have no doubt in coming to the conclusion that this
agreement attaches to the last note. This was a necessary
result of the facts proved and clearly right. The requests to
charge upon this branch of the case in this connection were
properly refused, as the propositions presented were suffi-
ciently covered in the charge which had already been made.
The discussion had leads to the conclusion that sufficient
grounds are presented on the plaintiff's appeal for a reversal
or modification of the judgment.

Other questions arise upon the defendant's appeal, which
should be considered. It is claimed that an action at law by
a surety for contribution must be against each of the sureties
separately for his proportion, and that no more can be recov-
ered, even where one or more are insolvent. In the latter
case, the action must be in equity against all the co-sureties
for contributions, and, upon proof of the insolvency of one
or more of the sureties, the payment of the amount will be
adjudged among the solvent parties in due proportion. The
principle stated is fully sustained by the authorities. It is
thus stated, in Parsons on Contracts (vol. 1, page 34) : " At
law, a surety can recover from his co-surety an aliquot part,
calculated upon the whole number, without reference to the
insolvency of others of the co-sureties ; but in equity it is
otherwise." (See, also, *Browne* v. *Lee*, 6 Barn. & Cress., 689 ;
13 Eng. C. L., 394 ; *Cowell* v. *Edwards*, 2 B. & Pull., 268 ;
*Beaman* v. *Blanchard*, 4 Wend., 432, 435 ; Story's Eq. Juris.,

§ 496 ; 1 Chitty on Con. [5th Am. ed.], 597, 598 ; Willard's Eq. Juris., 108.) There seems to be a propriety in the rule that where sureties are called upon to contribute, and some of them are insolvent, that all the parties should be brought into court and a decree made upon equitable principles in reference to the alleged insolvency. There should be a remedy decreed against the insolvent parties, which may be enforced if they become afterwards able to pay, and this can only be done in a court of equity and when they are parties to the action. The action here was not of this character ; nor were all the proper parties before the court. It was clearly an action at law, and in that point of view, as we have seen, the plaintiff could only recover for one-fourth of the debt for which all the sureties were liable. The distinction between the two classes of actions is recognized by the decisions.

The remedies, the parties and course of procedure are each different. In the one, a jury trial is a matter of right ; while in the other the trial is by the court. The costs are also in the discretion of the court. (Code, §§ 253, 306 ; 13 N. Y. [*supra*], 498.) As the judgment could not require each of the parties to pay his aliquot share and furnish a remedy over against those who were insolvent and the rights of the parties be finally determined and fixed, it was under the facts proven clearly erroneous. Although in many cases under the Code the pleadings, if necessary, may be made to conform to the facts, and the case disposed of upon the merits, the defects here are so radical as to strike at the very foundation of the action, and cannot thus be remedied. Besides, the proper parties are not before us, and cannot be brought in, except on motion in the court below. As the claim was alleged in the complaint, there was no such defect of parties apparent as required the defendant to take the objection by demurrer or answer.

It follows that the judgment must be affirmed upon the plaintiff's appeal, with costs of appeal to be paid by the plaintiff upon the final termination of the action, if the defendant succeeds ; and if the plaintiff succeeds, to be set off against the

plaintiff's costs. And the judgment must be reversed upon the defendant's appeal, with costs of the appeal in this court, and costs in the Supreme Court to abide the event.

All concur, except Church, Ch. J., dissenting.

Ordered accordingly.