GEORGE C. CLARK, Appellant, v. CHARLES G. MYERS, Respondent.

*Stockholders of manufacturing corporation — liability of, to laborers — right to sue a single stockholder for contribution.*

This was an action at law brought by the plaintiff, a stockholder of a manufacturing corporation created under the act of 1848, against the defendant, who was also a stockholder thereof, to recover a proportion of certain judgments recovered against plaintiff, under section 18 of chapter 40 of 1848, by laborers employed by the company, which judgments he had subsequently paid. *Held*, that he could not maintain an action at law against a single stockholder, but must bring a suit in equity against them all.

*Semble*, That the stockholders were, as to the debts in question, to be considered as partners.

*Semble*, That one surety cannot maintain an action against one of several co-sureties to recover the proportionate amount due from him, except in those cases in which the liability grew out of one single transaction of mere suretyship.

APPEAL from a judgment rendered at Circuit nonsuiting the plaintiff, after his opening, on the complaint.

The plaintiff, defendant, and other persons, were stockholders in the Myers Steel and Wire Iron Company, a corporation organized under the general act of 1848 (chap. 40), for the formation of manufacturing, mining and other companies.

Certain laborers employed by the company sued the plaintiff on his several liability, and recovered judgments against him, they having previously exhausted their remedy against the corporation. Their suit was based on the liability created by section 18 of chapter 40 of 1848, which provides that "the stockholders of any company organized under the provisions of this act shall be jointly and severally liable for all debts that may be due and owing to all their laborers, servants and apprentices, for services performed for such corporation."

The plaintiff herein thereupon paid the judgments so recovered against him, and brings this action against the defendant, who was a stockholder of the same company at the time the debts to the laborers were contracted and were due, for contribution, seeking to recover only that proportion of the amount paid by him which the

number of shares held by the defendant bore to the whole number of shares issued by the corporation.

It was admitted that there were other stockholders who were not made parties to this action.

After the opening of the case by the plaintiff's counsel, the defendant moved for a dismissal of the complaint on the ground that the action should have been brought against all the stockholders, and would not lie against one of them.

*L. Hasbrouck,* for the appellant.

*C. G. & C. McC. Myers,* for the respondent.

LEARNED, P. J.:

In *Easterly* v. *Barber* (3 Weekly Dig., 178), the Court of Appeals recognized the doctrine that at law a surety might sue a co-surety separately for his proportion of the liability paid; and that in equity an action might be brought against all, and contribution might be adjudged among the solvent parties. And it is not doubted that in some form, either at law or in equity, the plaintiff in this case should have contribution. The only question is, may he sue one stockholder at law for his proportionate part, or must he sue all in equity.

The right of suing a co-surety for a proportionate part of money paid, will be found to have been applied to cases of liability growing out of one single transaction of mere suretyship. (*Cowell, Admr.,* v. *Edwards,* 2 B. & P., 268; *Beaman* v. *Blanchard,* 4 Wend., 432; *Parker* v. *Ellis,* 2 Sandf. [Sup. Ct.], 223.) While, in the present case, the position of the plaintiff and defendant has been held to be substantially that of partners (*Bailey* v. *Bancker,* 3 Hill, 188), at least to the extent of these debts owing to laborers. (*Richardson* v. *Abendroth,* 43 Barb., 162; see as analogous, *Wiles* v. *Suydam,* 64 N. Y., 173.) And it has been said that the stockholders were answerable, as original and principal debtors, to the creditors of the company. (*Corning* v. *McCullough,* 1 N. Y., 76.) It is evident that the plaintiff and defendant are not mere sureties on some single transaction, as the parties were in *Coburn* v. *Wheelock* (34 N. Y., 440). They, and others with them, are substantially partners; liable, not for a single debt of some principal debtor, but for a class of debts which may be large; and it is doubtful whether the stockholders are, in

any sense, sureties of these debts. Of course, there may be a right of contribution between persons other than co-sureties; that is, between principal debtors. But it is familiar doctrine that a partner cannot sue his co-partner for their respective shares of money paid by him to a creditor. For there must be an account of all the partnership affairs, in order to bring into the inquiry what each has paid. (Story on Part., § 221.)

It is not an answer to these views to say that no proof exists (as the case now stands) that any other stockholder has paid a creditor. The point is that the plaintiff and defendants, with other persons, have been held to be co-partners in regard to this class of debts. They are engaged in a common enterprise. For this class of debts, arising therein, all are jointly and severally liable. The nature of the liability assumes that there may be many such debts. Some may have been paid by one stockholder, some by another. And all have been paid towards the common benefit.

All this presents a case very different from that of a single liability of several persons (either as principals or as sureties), arising out of no community of property or of interest; like the case cited by Lord KENYON, in *Child* v. *Morley* (8 T. R., 614).

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.