GEORGE C. WEED, Plaintiff, *v.* WILLIAM E. CALKINS AND EDGAR C. MERCHANT, Executors, etc., of Clark P. Ives, Deceased, Defendants.

*Liability of obligors as between each other — right of co-sureties to compel contribution — when the right to compel contribution to a deficiency judgment is not taken away by a failure to make the person against whom it is sought a party to that action.*

In 1873 the plaintiff, the defendants' testator Ives, De Lano and Harris, purchased a parcel of land for $10,000, the plaintiff owning one-quarter, Harris one-half and Ives and De Lano together the remaining quarter. A joint and several bond, secured by a mortgage, in which they all united, was given to secure a portion of the purchase-money. Ives died in 1877. Thereafter, in an action brought to foreclose the mortgage, to which the plaintiff, Harris and De Lano, and Ives' widow and heirs-at-law, but not the defendants, his executors, were made parties, a judgment for deficiency was recovered against the plaintiff, Harris and De Lano, which was thereafter paid by the plaintiff, Harris and De Lano being insolvent.

In an action by the plaintiff to compel the defendants, Ives' executors, to contribute towards the payment of the said judgment:

*Held,* that the defendants were liable for one-eighth of the deficiency, and also for one-half of the amount which the plaintiff had been obliged to pay by reason of the insolvency of Harris and De Lano.

That neither the death of Ives nor the fact that the defendants had not been made parties to the foreclosure action and that no judgment for deficiency had been asked or recovered against them therein, relieved them from such liability to the plaintiff.

SUBMISSION of a controversy without action, under section 1279, *et seq.*, of the Code of Civil Procedure.

In 1873 the plaintiff, with defendants' testator (Ives), and two others (Harris and De Lano), purchased land for $10,000, taking undivided interests therein as follows : The plaintiff, one-fourth ; the defendants' testator and De Lano together, one fourth, and Harris one-half.

The same day, to secure a portion of the purchase-money, they all united in a joint and several bond and mortgage for $6,000, to be paid in six years, with interest annually. The defendants' testator died in May, 1877, leaving a widow and heirs, and thereafter letters testamentary were issued to the defendants.

The mortgage was foreclosed by an action, to which the plaintiff, De Lano and Harris and the widow and heirs of Ives were made parties, and judgment entered therein November 1, 1879. These defendants were not made parties. There was a deficiency on the foreclosure sale of $3,466.84, for which judgment was docketed January 27, 1880, against the plaintiff, Harris and De Lano. Harris and De Lano are insolvent, and the judgment for deficiency has been collected of the plaintiff. The plaintiff now claims to recover of the defendants, as such executors, the sum of $1,708.42.

*Waldo & Grover,* for the plaintiff.

*R. L. Hand,* for the defendants.

BOCKES, J. :

It must be assumed, nothing being stated in the submission to the contrary, that the parties have no unadjusted equities growing out of the payment down of the $4,000 at the time of the purchase of the mortgaged premises, nor out of their use and occupation since the purchase. We must consider the case in the light of the facts stated in the submission, and of those facts only. On those facts there can be no question, as we think, as to this, that the plaintiff, Weed, is entitled to recover against the personal representatives of P. C. Ives, deceased, the one-eighth of the deficiency which the former was compelled to pay, in the foreclosure suit, on his individual purchase, holding the latter as the individual purchaser of one undivided eighth of the premises.

The legal presumption, from the facts stated, is that the debt evidenced by the bond was, as between the obligors, the individual debt of each, proportionate to their respective titles, specified in the deed of the lands to them, to secure the purchase-price of which the bond and mortgage were given. Ives was the purchaser of one undivided eighth, and so he should pay one-eighth of the purchase-price. On the bond executed by all, the plaintiff became the surety for Ives' one-eighth of the whole debt, and, by reason of such suretyship, the former was compelled to answer Ives' obligation, to the extent of one-eighth of the deficiency on the mortgage foreclosure. As to this one-eighth, the relation between the plaintiff and Ives

was simply that of principal and· surety, and it follows, of course, that the estate of Ives should make the plaintiff good for such sum as the latter was compelled to pay by reason of such suretyship. This is not a case of partnership; the rules of law applicable to that relation, where one partner has been compelled to pay an entire partnership debt, have here no application. As the case is here presented, the plaintiff's rights against Ives' estate are to be determined by the law applicable to the relation of principal and surety. In this view of it, we think it very clear that the plaintiff is entitled to judgment on this submission for the one-eighth of the deficiency, which amount he was compelled· to pay by reason of his suretyship for Ives.

But this conclusion does not cover the entire case. If the line of reasoning above adopted be sound, the plaintiff and Ives were co-sureties for De Lano and Harris, the other two obligors on the bond, for the part of the purchase-price of the premises which belonged to them respectively to pay. De Lano was the purchaser of an undivided eighth, and Harris of an undivided fourth, and the plaintiff and Ives stood on the bond as co-sureties for them in that proportion as to the entire purchase-price. Now, De Lano and Harris having become insolvent, the plaintiff was compelled to pay their proportion of the deficiency on the foreclosure. Then, can he now claim contribution from Ives' estate for any part of the sum so paid by him for those insolvents?

The question is this, where there are several sureties, and one becomes insolvent and another pays the debt, can the latter compel contribution from the other solvent sureties? This question the law answers in the affirmative. Judge STORY says that in such case the insolvent's share should be apportioned among all the other solvent sureties. (Story's Eq., § 496. See, also, *Clark* v. *Myers*, 11 Hun, 608; *Easterly* v. *Barber*, 66 N. Y., 433, 439.) But it is also laid down that to authorize such apportionment, the action must be in equity, and the insolvent must be made a party. The principal necessity for having the insolvent before the court is with a view to establish the insolvency. Here the fact of insolvency is admitted, and in the form in which this case comes before the court, the defect of parties should be deemed to be waived. The parties have agreed upon a statement of facts under the Code, waiving the for-

mality and technicalities of an action, and ask the decision of the court on the facts stated; and the court must declare their rights thereon; and this, whether they rest upon an application of legal or equitable principles. (*Graves* v. *Brinkerhoff*, 4 Hun, 305.) Had the action been brought in the ordinary way by summons and complaint, a defect of parties would have been waived, unless objection for that cause had been raised by answer or demurrer. So here the presentation of the case, on the submission without action, should be deemed a waiver of all formal and technical objections not material to a determination of the legal propositions referred to the court for decision.

An important question still remains to be considered. It is urged that the death of Ives, and the subsequent foreclosure of the mortgage given to accompany the bond, in which foreclosure suit Ives' estate was not charged with a deficiency, operated to relieve the estate from all obligation on the bond to the holders thereof; and that Ives' estate could be held for contribution by a co-surety on the bond *only* in case liability thereon survived or continued against the estate in favor of such holder. Of course, the right of one surety to claim contribution from his co-surety can arise, in the absence of an express agreement between them, *only* where payment by him is made of a demand which they were equally under legal obligations to pay. (*Tobias* v. *Rogers*, 13 N. Y., 59.) The point of objection here is that the holders of the bond could not, after foreclosure of the mortgage, enforce it, because of the statute which provides that, "after such bill shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the Court of Chancery." (2 R. S., 191, § 153; *Eq. Life Ins. Soc.* v. *Stevens*, 63 N. Y., 341; *Scofield* v. *Doscher*, 72 N. Y., 491; *Lockwood* v. *Fawcett*, 17 Hun, 146; *Matter of Collins*, 17 Hun, 289.) This statute, it will be observed, does not discharge the debt. It only restrains its prosecution by a suit at law, except under permission from the court, now the Supreme Court which takes the place of the Court of Chancery. The mischief sought to be remedied by this provision was the enhancement of costs by a multiplicity of suits to recover the same demand. This case does not come within the

spirit of this law, nor is it within its letter. The statute runs against the holders of the debt secured by the mortgage, and prohibits him from proceeding to enforce it in a particular way, unless under permission from the court. It does not embrace a case like that of the present plaintiff. His claim is not on the bond, but it rests upon an independent obligation, springing from his relation of co-suretyship with Ives. Thus, the statute does not apply to this case, which has its counterpart, in legal effect, in *Comstock* v. *Drohan* (8 Hun, 373). In that case, Judge DANIELS says this provision was not intended " to prevent a party who had been compelled to pay the debt, either wholly or partially, from maintaining an action for his reimbursement, against another who had become liable upon an independent agreement to indemnify him ;" and the learned judge adds, " when she (the defendant) failed to pay, and it was paid by him (the plaintiff), on the judgment recovered against him for the deficiency, it was so much money paid for her use, and which he was entitled to recover against her. The statute never was designed to reach a case of that kind, but to limit *the party* prosecuting an action to foreclose the mortgage to that proceeding, unless good cause could be shown for relief from the statutory restraint." The judgment in this case was affirmed in the Court of Appeals (71 N. Y., 9), where the reasoning of Judge DANIELS received direct approval. In the case cited, it is true, the obligation sought to be enforced was express, while here it is imposed by law. Still, it is as much a collateral obligation, and is just as binding in the one case as the other. It is not an obligation with which the holder of the debt secured by the mortgage had or has any concern. The statute cited does not afford the defendants in this case any protection against the plaintiff's claim for contribution from Ives' estate.

Nor can it be maintained that the decease of Ives discharged his estate from liability. The bond was joint and several. Liability thereon continued against his personal representatives; and in so far as the plaintiff and Ives held the relation of co-sureties therein, their obligation, as between themselves, was equal.

Our conclusion is that the plaintiff is entitled to judgment herein, (1) for the sum paid by him as surety for Ives, being one-eighth of the aggregate deficiency, and (2) De Lano and Harris being insolvent, for one-half of the sum paid by him for them, on his co-surety-

ship with Ives, being one-sixteenth of said aggregate deficiency, and one-fourth thereof in the other. He is also entitled to interest on the amount so paid, with costs of suit.

The attorneys will doubtless agree upon the judgment to be entered; if not, it can be settled by one of the justices of the court.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment for plaintiff, in accordance with opinion. Order to be settled before BOCKES, J.