### JEWETT v. MAYTHAM et al.

(Supreme Court, Special Term, Erie County. March, 1908.)

1. FRAUDULENT CONVEYANCES—REMEDIES OF CREDITORS—RIGHT TO SET ASIDE —EXISTENCE OF OTHER REMEDY—EXECUTION OF JUDGMENT—NECESSITY.

A creditors' bill cannot be maintained to set aside a conveyance in fraud of creditors until after judgment against the debtor and return of execution unsatisfied, even though no benefit would result to the creditors by such execution.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Fraudulent Conveyances, §§ 697, 720.]

2. SAME—SUBROGATION—CONTRIBUTION.

Judgment having been recovered against plaintiff and a number of defendants, plaintiff paid the judgment, under an agreement by the parties to contribute, and the judgment was discharged, whereupon plaintiff sued to recover contribution from defendants and to set aside a conveyance made by one of them as in fraud of creditors. Held, that plaintiff was not subrogated to any rights under the judgment which he paid, but had only a right to contribution against defendants; and hence it was necessary to reduce his claim for contribution to judgment and have execution returned unsatisfied before he was entitled to have the fraudulent conveyance set aside.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 24, Fraudulent Conveyances, §§ 697, 720.]

3. ACTION—JOINDER OF CAUSES—LEGAL AND EQUITABLE.

Where plaintiff paid a judgment against himself and others, an action against the other debtors for contribution, and to set aside a fraudulent conveyance made by one of them, plaintiff not having reduced his claim against such debtor to judgment, and no execution thereon having been returned unsatisfied, is an improper joinder of causes of action.

Suit by Edgar B. Jewett against Edward H. Maytham and others to set aside a conveyance and for other relief. Demurrer to complaint sustained, with leave to amend.

Wallace Thayer, for plaintiff.
William B. Wright, for defendants.

WHEELER, J. This action comes before this court upon the argument of a demurrer interposed by the defendant Edward H. Maytham, individually and as trustee, and by the defendant Clara L. Maytham.

The complaint alleges that the Imperial Shale Brick Company on June 13, 1898, recovered a certain judgment against the plaintiff, Erastus C. Knight, and all the other defendants named in this action, except the defendants Clara L., Dorothy, and Donald Maytham; that these judgments were against the judgment debtors as members of a Lloyd's insurance company; that on February 13, 1902, the plaintiff, Edgar B. Jewett, and Erastus C. Knight paid the judgment and all costs, amounting to the sum of $3,004.91; that Jewett and Knight also paid and expended $253.55 for defending said action, under and pursuant to an agreement among all parties to contribute for moneys so expended. The complaint alleges that Knight has sold and assigned to the plaintiff all his right to contribution from his fellow joint debtors, and that none of the defendants have contributed their quota. The complaint also alleges that five of the defendants are nonresidents of the state, and that one of them has been relieved of liability to contribute by proceedings in bankruptcy. The complaint further alleges that the defendant Edward H. Maytham, prior to the recovery of the Imperial Shale Brick Company judgment, for the purpose of defrauding creditors, made a transfer of all his property to his wife, the defendant Clara L. Maytham; that thereupon the said Clara L. Maytham, without consideration, transferred the same property to one Joseph B. Rogers, as trustee for herself and her children, the defendants Dorothy and Donald Maytham; and that subsequently the said Rogers resigned as trustee, and the said Edward H. Maytham was substituted as trustee in the place of said Rogers. The complaint alleges that the defendant Edward H. Maytham has no property out of which to pay the plaintiff's claim except the property fraudulently transferred. The plaintiff asks that the defendants against whom the Imperial Shale Brick Company judgment was recovered be compelled to contribute to the plaintiff their proportionate shares of the amounts which the plaintiff has been compelled to pay, including the amount of the judgment and the costs of defending the action. The plaintiff also demands that the conveyance made by said Edward H. Maytham to his wife, Clara L. Maytham, and by her to Rogers, as trustee, and now held by the defendant Edward H. Maytham, may be declared fraudulent and void, and set aside, and that he account for all property so recovered, and that the same be applied to the payment of such claim as may be found due the plaintiff by the said defendant Edward H. Maytham. In short, this action combines a cause of action for contribution with one in the nature of a judgment creditors' bill to set aside an alleged fraudulent conveyance made by one of the defendants.

The defendant Edward H. Maytham individually demurs on the ground that different causes of action have been improperly united. As trustee he interposes a separate demurrer on the same ground, and on the further ground that the complaint does not set forth facts sufficient to constitute a cause of action. The defendant Clara L. Maytham also demurs on the same grounds as those set up by Edward H. Maytham as trustee.

The demurrers on the ground that the complaint fails to set forth a cause of action against the Maythams to set aside the alleged fraud-

ulent conveyance, in our opinion, are well taken, for the reason that the complaint does not allege that the plaintiff has exhausted his remedy against Edward H. Maytham by the recovery of a judgment and the return of an execution unsatisfied. This concededly has never been done. It is the general rule that a creditors' bill cannot be maintained until an execution has been issued and returned unsatisfied. N. T. Bank v. Wetmore, 124 N. Y. 248, 26 N. E. 548; Code Civ. Proc. § 1871. And it has become the settled rule in this state not to dispense with these preliminaries, although it may be made to appear by evidence that no benefit could result to the creditors from them. N. T. Bank v. Wetmore, 124 N. Y. 248, 26 N. E. 548; Estes v. Wilcox, 67 N. Y. 264; Adsit v. Butler, 87 N. Y. 585.

Plaintiff's counsel, however, contends that the rule is not without exceptions, and that this case presents such an exception. The argument is made that upon the payment of the Imperial Shale Brick Company judgment the plaintiff became subrogated to the rights of the judgment creditor; that, having been paid, it was extinguished, and could not be kept alive, even by assignment, so as to enable plaintiff to issue execution upon it against the other codefendants. Harbeck v. Vanderbilt, 20 N. Y. 395, 397; Booth v. Farmers' Bank, 74 N. Y. 228, 232; Bank v. Abbott, 3 Denio, 181. Consequently, as it became impossible to issue execution and have it returned against Maytham, that requirement is dispensed with on the general theory that the law does not require the performance of the impossible; that this action is prosecuted for the benefit of each of all the judgment debtors against whom the Imperial Shale Brick Company judgment was recovered, and all are therefore interested in the success of the effort to set aside the alleged fraudulent conveyance; that inasmuch as the other portion of the relief asked is for a contribution, and equitable in its nature, and inasmuch as execution upon the Shale Brick Company judgment has become impossible, it is not necessary in law or equity to allege the recovery of a judgment for contribution against Maytham and the return of execution. The plaintiff cites, in support of his contention, the cases of N. T. Bank v. Wetmore, 124 N. Y. 241, 248, 26 N. E. 548; Le Fevre v. Phillips, 81 Hun, 232, 30 N. Y. Supp. 709; Patchen v. Rofkar, 12 App. Div. 475, 42 N. Y. Supp. 35; Patchen v. Rofkar, 52 App. Div. 367, 370, 65 N. Y. Supp. 122; Bateman v. Hunt, 46 Misc. Rep. 346, 350, 94 N. Y. Supp. 861.

The error in the argument of plaintiff's counsel begins in his assumption that the plaintiff is subrogated in equity to the rights of the Imperial Shale Brick Company in the judgment recovered by it against the plaintiff and his associate defendants in that action. The brick company had the right to enforce its judgment against any or all of the defendants in that case. When the plaintiff paid that judgment, the judgment was satisfied and extinguished. The right to enforce it was forever gone. The plaintiff did not by payment acquire any right to enforce it in law or equity against any one. All the right the plaintiff acquired by payment of this judgment is the right of contribution from his codefendants. It appears there were some 18 judgment debtors, and of course his claim against each, assuming all were solvent, would be the right to recover one-eighteenth of the

judgment paid. This equitable right for contribution is a very different thing from the right to enforce the judgment itself, and stands on very different grounds. If there were any equitable subrogation to the rights of the brick company, then the plaintiff's rights would extend to its enforcement for the full amount of the judgment against each or any of the codefendants, which is not the case. All equity gives the plaintiff is the right to contribution for each defendant's just proportion. Until that amount has been determined by judgment in the plaintiff's favor, and execution has been issued and returned unsatisfied on such judgment, the plaintiff is in no position to maintain a judgment creditor's action to set aside the alleged fraudulent conveyance. This action, therefore, is premature, in so far as its judgment creditor's features are concerned.

The cases cited by the plaintiff's counsel do not sustain the position taken. In each of the cases cited it appeared that the defendant chared with making fraudulent conveyances sought to be impeached were nonresidents, without the jurisdiction of the court, so that it became impossible to obtain judgment and return of execution unsatisfied against them. In such cases the courts held that a creditors' action may be maintined without first obtaining a judgment against the debtor. In the case at bar, however, it appears that Maytham lives here, and there is no such impossibility of obtaining a judgment against him and the return of an execution. I am therefore of the opinion the demurrers should be sustained on the ground that the complaint fails to state a sufficient cause of action against Edward H. Maytham, as trustee, and Clara L. Maytham. It follows, too, that the demurrers should be sustained on the second ground, of the improper joinder of alleged causes of action.

The plaintiff should be permitted to amend his complaint, upon the payment of costs of this demurrer, within 20 days after service of the interlocutory judgment to be entered hereon.