### JEWETT v. MAYTHAM et al.

(Supreme Court, Equity Term, Erie County.  September, 1909.)

1. INSURANCE (§ 604*)—DISCHARGE—CONTRIBUTION AMONG INSURERS.
   That the articles of association of an insurance association provided that every policy issued should provide that no member of the association shall be liable for an amount exceeding a certain sum would not limit the amount of recovery to that sum, in an action by a member against the others for contribution after paying a judgment for the full amount of a policy, rendered against all the members jointly; each member being required to contribute his full share of the amount paid, according to the equitable rules of contribution.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1502; Dec. Dig. § 604.*]

2. CONTRIBUTION (§ 7*)—COMMON LIABILITY—JOINT DEBTORS—EQUITABLE RULE OF LIABILITY—INSOLVENTS.
   While at law one who had paid all of a joint judgment against 19, including himself, could only recover as contribution from each one-nineteenth of the amount paid, though a part of them were insolvent and nonresidents, equity will apportion the amount of recovery equally among those who are solvent and within the jurisdiction.

   [Ed. Note.—For other cases, see Contribution, Cent. Dig. § 13; Dec. Dig. § 7.*]

3. INSURANCE (§ 604*)—DISCHARGE—CONTRIBUTION AMONG INSURED.
   A joint judgment was obtained against plaintiff and 18 other members of an insurance association, which was paid by plaintiff and another, who has assigned his right to contribution to plaintiff; and the other 17 members are either insolvent or nonresidents, though plaintiff had previously sued 1 of the insolvents to set aside an alleged fraudulent conveyance, and the action was dismissed for misjoinder.  *Held*, in an action for contribution, that, while plaintiff was entitled to recover only seventeen-nineteenths of the amount paid, he was entitled to be placed in such position that he could collect at least one-third of the amount paid from any one of the members who should become solvent, and any other mem-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ber who thereafter became solvent should be required to contribute a fourth, to be divided among the three who had contributed, and so on until each member who subsequently became solvent had contributed, the member paying one-third of the amount being equitably subrogated to plaintiff's right to the remaining unsatisfied judgments against the other members; and to preserve the rights of all parties separate judgments against each defendant served should be entered for one-third of the amount of the judgment paid, with interest and costs, and the decree should require plaintiff, upon the collection of one of such judgments, to assign to the county treasurer, for the court, the remaining judgments, to be held for the benefit of the parties who afterward contributed, and should further permit any parties so contributing to apply on the foot of the decree for an order directing the county treasurer to collect on any of the remaining judgments an amount which the judgment debtor proceeded against should equitably contribute to equalize the contributions then made, continuing this method until full contribution is made by all members, so far as possible.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1502; Dec. Dig. § 604.*]

4. EQUITY (§ 39*)—JURISDICTION—RELIEF—INCIDENTAL RELIEF.

Equity, upon obtaining jurisdiction, will retain it in order to administer complete relief and entire justice.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 104; Dec. Dig. § 39.*]

Action by Edgar B. Jewett against Edward H. Maytham and others. Decree for plaintiff as stated.

See, also, 59 Misc. Rep. 56, 109 N. Y. Supp. 1000.

Wallace Thayer and Charles A. White, for plaintiff.

Charles P. Norton and William B. Dickinson, for defendant Maytham.

Vernon M. Cole, for defendant Smith.

Guy Wellman, for Maria H. Killeran, as executrix, etc.

WHEELER, J. The plaintiff brings this suit in equity to compel a contribution from 17 different defendants for moneys paid and advanced under the following circumstances: The plaintiff, Erastus C. Knight, and the 17 defendants in question, formed an association called the "Buffalo Fire and Marine Underwriters," for the purpose of conducting the business of insuring property against fire and marine loss, and issued to the insured what is commonly known as Lloyd policies of insurance. A policy of insurance against loss was issued to the Imperial Shale Brick Company. The members of the association were sued by the brick company to recover for loss upon the property insured. The claim was litigated, and the action resulted in a judgment in favor of the brick company against all the members of the association jointly. Appeals were taken from the judgment so recovered to the Appellate Division, and later the case was carried to the Court of Appeals of this state, which affirmed the judgment of the trial court. The opinion of the Court of Appeals, handed down on the decision of the case, is reported under the title of Imperial Shale Brick Co. v. Jewett et al., 169 N. Y. 143, 62 N. E. 167. Among the defenses raised and litigated in that action was the claim that the members of the association were not jointly liable to the insured for the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

entire loss, but that each member, if liable at all, was only liable for an amount not exceeding the sum of $500, inasmuch as the articles of association expressly declared that every policy of insurance issued thereunder should "provide that no single member of this association shall be liable for an amount exceeding $500." It was shown, however, that the Imperial Shale Brick Company, when it accepted its policy, had no notice or knowledge of this limitation contained in the articles of association, and in the power of attorney given its manager and agent. It was held by the court that the brick company was not bound by any such restriction of liability, and that all the members were jointly liable for the entire loss. Judgment, therefore, went against all the members jointly, and was paid by two of those members, the plaintiff in this action and Mr. Erastus C. Knight, who, in turn, assigned to Mr. Jewett his right to compel contribution from the other associate members. The amount paid by Mr. Jewett and Mr. Knight to satisfy the brick company judgments was the sum of $3,-004.91.

One of the claims again advanced by the defendants in this action is that, whatever recovery is had, no one of the defendants can be held liable for a sum in excess of $500, as provided by the articles of association. We are of the opinion, however, that the limitation in question cannot be successfully relied on to cut down the plaintiff's recovery in this action. There is nothing in the agreement which in express terms limits the liability of the different members of the association among themselves. They are engaged in a common enterprise, insuring property and employing common agents to transact their business. If one or more of such agents, in violation of the instructions given, so exceeded his authority as to render the members jointly liable for losses in excess of $500, and one of their number was compelled to pay the loss from his own personal property, we think each member should be required to contribute his full share of the loss as determined by the rules of law and equity, although that share may exceed $500. Otherwise rank injustice might be worked, and one member be compelled to pay a portion in excess of $500, while another equally liable escaped the payment of his just share of the loss by limiting his liability to $500. Any holding which would operate so inequitably bears its own condemnation.

We, therefore, are remitted to the real and interesting question as to what the rule of contribution is in this case. The amounts of the Imperial Shale Brick Company judgments were paid by the plaintiff, Mr. Jewett, and by Mr. Knight, one-half by each, and Mr. Knight has assigned to Mr. Jewett all his rights in the premises. If all the 17 defendant members were solvent, the proposition would be a very simple one. In such case each of the defendants would be liable to the extent of one-nineteenth of the whole amount paid, and the plaintiff would be entitled to judgment against each for such a sum. The evidence in this case, however, tends to show that several of the defendants are nonresidents of the state, outside the jurisdiction of its courts, and the plaintiff has been unable to obtain service of process upon them. Another defendant has been discharged from his debts by proceedings in bankruptcy. Other members are dead, and their estates

are insolvent. All the other members are apparently insolvent, with unsatisfied judgments outstanding against them. It is conceded by all parties before the court that all the defendant members are either absentees or insolvent, and that any judgment which may be rendered in this action cannot at present be collected, save possibly through the aid of a judgment creditor's action. In this situation, an interesting question is presented as to what judgment the plaintiff is entitled.

The defendants contend the recovery must be limited to one-nineteenth of the whole amount from each of the members. The plaintiff asks for a judgment for one-third the amount paid from each defendant. If the plaintiff had sued for contribution in an action at law, he could recover from each associate member but one-nineteenth of the whole. Where, however, a suit in equity for contribution is brought, a different rule prevails, when it appears that one or more of the parties liable to make contribution are insolvent. In such cases equity will apportion the judgment among those who remain solvent. If three persons are primarily liable for the payment of a debt, each should pay his third; but, if one becomes insolvent, then equity divides the payment between the two solvent parties. Easterly v. Barber, 66 N. Y. 439; Kimball v. Williams, 51 App. Div. 616, 65 N. Y. Supp. 69. The same rule of exclusion is applied in equity, where some of the parties liable are outside the jurisdiction of the state and of its courts. Such persons are eliminated from the number to contribute, the same as though they were insolvent, because they are beyond the power of the court to compel contribution. American & English Encyclopedia of Law, vol. 7, p. 341, and cases cited.

In the case now under consideration it appears that all are either nonresidents or insolvent. Under such circumstances, what is the rule of contribution to be applied? So far, the researches of court and counsel have been unable to find a reported case where the facts here presented have been passed upon by the courts. It goes without argument that the plaintiff has a clear right to contribution from each of the defendants, irrespective of their ability to pay. Some of them may prosper, and in the future become solvent. The plaintiff has also the right to have his claims evidenced by the judgment of this court, to the end that the statute of limitations may not run against his causes of action. In case the judgments awarded the plaintiff are but for one-nineteenth of the entire amount against each defendant member, then, the judgment having fixed the amount of liability, it would probably be beyond the power of the court to increase the amount. To confine the judgment to one-nineteenth against each would defeat the rule of equity that the solvent members must bear the loss pro rata among themselves, where, subsequent to the rendering of such judgment, one or more of such judgment debtors should happen to become solvent and able to pay.

These considerations lead us to the conclusion that the plaintiff rightfully demands that he be placed in such a position by the decree to be rendered in this action that, in case any of the defendants shall in the future become solvent and possessed of property, the plaintiff may, by execution, compel contribution for a full one-third of the amount paid to satisfy the Imperial Shale Brick Company judgments.

In this very action the original complaint alleged that one of the defendants had made certain fraudulent conveyances for the purpose of defeating the plaintiff's demand, and the plaintiff sought in this action, not only to fix the amount of the contribution to be made, but also to set aside the conveyances in question. The defendant demurred to the complaint, and the court sustained the demurrer, holding that two causes of action had been improperly united, and that the plaintiff could not join an action to compel contribution with one in the nature of a judgment creditor's action, and that a judgment creditor's action could not be maintained until judgment for contribution had been obtained, and an execution thereon returned unsatisfied. Jewett v. Maytham, 59 Misc. Rep. 56, 109 N. Y. Supp. 1000.

Assuming it to be true, as alleged in the original complaint, that a fraudulent conveyance had been made, then it would seem but just and equitable that the plaintiff should be placed in such a situation as to be able to proceed with his judgment creditor's action, and subject the property conveyed to the payment of his demand to the same extent as if the defendant in question had not rendered himself insolvent by conveying away his property. We are therefore of the opinion that the situation presented gives to the plaintiff the equitable right to be placed in such a position that he may be enabled to collect one-third of the amount paid from any one of the defendants at any time any such defendant may acquire property with which to satisfy the demand, or in a position to enforce his demand by a creditor's action, if he should be advised such a course proper.

It does not follow that the plaintiff would be entitled to collect the full amount of each several judgment so entered from each defendant debtor as one after another may become solvent. The plaintiff is entitled to but one satisfaction of his just demand. But his just demand is not limited to one-third of the judgments paid the brick company. The plaintiff's real and just demand is to be repaid seventeen-nineteenths of that amount. If but one of the defendants should become solvent, the plaintiff would be forced to be content with the one-third of the amount actually paid; but in case, later on, a second defendant should be able to contribute, then he should be required so to do, and the three members of the association who had already paid the entire amount would have the right to call on the fourth solvent party to contribute a fourth, to be divided among the three who had previously contributed. It is thus apparent that each party who had contributed has an interest in compelling each delinquent associate to also contribute. Each subsequent contributor lessens the burden of those who have already contributed. It is plain, therefore, if the plaintiff should succeed in collecting a judgment for one-third from any one of the defendants, that defendant should be equitably and proportionately subrogated, pro rata, to the plaintiff's right in the remaining unsatisfied judgments against the other defendants as a means of compelling a proper contribution from each of them. The problem presented is to provide some practical method of protecting and preserving these rights of all, and at the same time save a multiplicity of suits. We think the following scheme will accomplish the desired result:

Let the plaintiff enter separate and several judgments against each

party served in this action for one-third the amount paid on the judgments of the Imperial Shale Brick Company, with interest, together with the costs of this action, with the right to enforce the collection of any of said judgments until he shall have collected the amount of any one thereof. Let the decree further provide that, upon the collection of any one of said judgments, said plaintiff shall assign to the county treasurer of the county of Erie, as the representative of this court, all the remaining judgments in his favor; to be held and enforced by said treasurer for the benefit of such parties to this action as shall have contributed to the payment of the judgment or judgments in favor of said Imperial Shale Brick Company. Let said decree further provide that any of said parties so contributing shall have the right to apply to this court, upon the foot of the decree to be entered herein, for an order directing said county treasurer to collect on any of said remaining judgments an amount which the judgment debtor proceeded against would be required in equity to contribute to equalize the contributions to be made, if he and the parties already contributing were the only solvent parties. That is to say: In case the plaintiff shall succeed in collecting one-third of the amount paid by himself and said Erastus C. Knight from any one of the said judgment debtors, and the remaining judgments are assigned as directed, then the amount next to be collected upon any one of the judgments so assigned shall be limited to one-fourth of the amount paid on the Imperial Shale Brick Company judgments, with interest, and the amount so collected by the county treasurer shall be by him divided pursuant to the directions of this court, to be hereafter made, ratably between the plaintiff and the judgment debtor previously paying, one-third to each. The execution and collection on the next judgment shall be limited to one-fifth the amount paid on the Imperial Shale Brick Company judgments, with interest, and be distributed in the same manner among the parties previously contributing. Let said method and procedure be continued until full and complete contribution has been made by all parties, in so far as the same can be collected. Such a decree will preserve the equitable rights of each and all, subrogate each to the judgments to be rendered in so far as each is entitled to subrogation, save the statute of limitations in favor of all, and carry out the recognized principles of equity in such cases.

The method and procedure are doubtless novel. Nevertheless we believe they are fully authorized by the general rule that a court of equity, which has obtained jurisdiction of a controversy on any ground for any purpose, will retain such jurisdiction for the purpose of administering complete relief and doing entire justice with respect to the subject-matter. 16 Cyc. p. 106; Russell Hardware & Implement Co. v. Utica Drop Forge & Tool Co., 195 N. Y. 54, 87 N. E. 788. At 16 Cyc. p. 107, it is further said:

"By virtue of the rule the court, when its jurisdiction has been invoked for any equitable purpose, will proceed to determine any other equities existing between parties, connected with the main subject of the suit, and grant all relief requisite to an adjustment of such subject.".

This is in substance suggested in Easterly v. Barber, 66 N. Y. 439, where Judge Miller says:

"It is claimed that an action at law by a surety for contribution must be against each of the sureties separately for his proportion, and that no more can be recovered, even where one or more are insolvent. In the latter case, the action must be in equity against all of the co-sureties for contribution, and, upon proof of the insolvency of one or more of the sureties, the payment of the amount will be adjusted among the solvent parties in due proportion. It is thus stated in Parsons on Contracts (volume 1, p. 34): 'At law, a surety can recover from his co-surety an aliquot part, calculated upon the whole number, without reference to the insolvency of others of the co-sureties; but in equity it is otherwise' (citing cases). There seems to be a propriety in the rule that where sureties are called upon to contribute, and some of them are insolvent, all the parties should be brought into court, and a decree made upon equitable principles in reference to the alleged insolvency. There should be a remedy decreed against the insolvent parties, which may be enforced if they become afterwards able to pay; and this can only be done in a court of equity and when they are parties to the action."

Let findings be drawn in accordance with the views expressed in the above opinion. So ordered.