## PARSHELSKY v. PALLEY.

(Supreme Court, Appellate Division, Second Department. March 19. 1915.)

JURY ⟨⤳14—RIGHT TO JURY TRIAL—CONTRIBUTION BETWEEN SURETIES.

Defendant, sued for contribution by his cosurety, is entitled to a jury trial; an action at law being maintainable, the complaint conforming to such an action, and no issue requiring aid of a court of equity appearing.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 40–60, 66–83; Dec. Dig. ⟨⤳14.]

Appeal from Special Term. Kings County.

Action by Moses L. Parshelsky against Samuel Palley. From an order denying his motion for a jury trial, defendant appeals. Reversed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, RICH, and PUTNAM, JJ.

Frank E. Johnson, Jr., of Brooklyn (George W. Titcomb,·of Brooklyn, on the brief), for appellant.

William H. Good, of Brooklyn, for respondent.

THOMAS, J. The parties are cosureties on a bond conditioned to secure the payment of the judgment. The plaintiff has paid the judgment and taken an assignment thereof, and brings this action to recover from the defendant one-half of the sum paid, with interest. The plaintiff noticed the action for trial at Special Term, and the defendant appeals from an order denying a demand for a trial by jury.

The answer presumably served does not appear. "The doctrine of contribution among sureties is founded on a general principle of equity and justice. Sureties are in æquali jure, and must bear the burden equally." Norton v. Coons, 3 Denio, 130, 132. Contribution was formerly enforced only in a court of equity, and it is stated in Rindge v. Baker, 57 N. Y. 209, 215, 15 Am. Rep. 475, that:

"It was said by Baron Parke (6 M. & W. 168) that Lord Eldon regretted, not without reason, that courts of law had ever assumed jurisdiction of the subject. They have nevertheless done so, and, as Justice Bronson said in Norton v. Coons, * * * 'borrowed their jurisdiction on this subject from courts of equity, and along with it taken the maxim that equality is equity.' "

---

⟨⤳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Not only is a remedy found in an action at law, but in that case each surety is bound to contribute his proportional share, and no more. In Easterly v. Barber, 66 N. Y. 433, the rule is taken from Parsons on Contracts that:

"At law, a surety can recover from his cosurety an aliquot part, calculated upon the whole number, without reference to the insolvency of others of the cosureties; but in equity it is otherwise."

The necessity of resorting to a court of equity may arise, because some of the sureties are beyond the jurisdiction of the court, or are insolvent. In that case, the one asking for contribution is entitled to it, measured by the number of solvent sureties within the process of the court. Easterly v. Barber, supra; Jewett v. Maytham, 64 Misc. Rep. 488, 118 N. Y. Supp. 635. There may be other occasions for the interposition of a court of equity, but in the present instance the assistance of that .court has not been invoked for any purpose, and inasmuch as there are two sureties it is not apparent in what way it could be helpful. Upon principle under such circumstances a court of law should have jurisdiction. For in Bradley v. Burwell, 3 Denio, 61, 66, it is said:

"The right of action as between the sureties grows out of the original implied agreement that, if one shall be compelled to pay the whole or a disproportionate part of the debt, the other will pay such sum as will make the common burden equal."

The declaration in that case was in assumpsit. . There is, then, the *implied agreement* upon which the action rests; the action is, in form, one at law; the rights of two persons only are involved, and, so far as the complaint shows, the issue is whether the defendant as a cosurety should pay one-half of the debt. Inasmuch as an action at law may be maintained, and the complaint is conformed to such action, and as it does not appear that there is any issue requiring the aid of the court of equity, the defendant is, so far as the record shows, entitled to trial by jury.

This requires a reversal of the order, without costs, and without prejudice to the plaintiff to apply for. trial at Special Term, should an issue triable by that court arise. All concur.