(138 App. Div. 208.)

## GEORGE v. BACON.

(Supreme Court, Appellate Division, First Department. May 20, 1910.)

1. BILLS AND NOTES (§ 266*)—CONTRIBUTION BETWEEN INDORSERS.
    Negotiable Instruments Law (Consol. Laws, c. 38) § 118, provides that, as respects one another, indorsers are liable prima facie in the order in which they indorse, but that evidence is admissible to show that they have otherwise agreed.  Held, that the prima facie presumption of successive liability disappears on proof that the indorsers agreed to be jointly liable, in which case one of the indorsers who actually pays the note is entitled to contribution from the others.
    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 615–619; Dec. Dig. § 266.*]
2. BILLS AND NOTES (§ 266*)—JOINT INDORSEMENT—PAYMENT BY INDORSER—CONTRIBUTION.
    A theatrical corporation was stranded, and, to obtain money to bring the players home, a note was executed in the name of the corporation by its president, and, after being indorsed by plaintiff, the wife of the president of the corporation, and by defendant, who was its treasurer, and by others connected with the company, it was discounted by a New York bank, and the proceeds checked out by defendant as manager and treasurer for the purposes intended.  Held to rebut the presumption that the indorsers intended to assume liability in the order of their indorsement and to show that they were joint indorsers, so that plaintiff, having paid the note, was entitled to contribution from the others.
    [Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 266.*]

Appeal from Trial Term, New York County.

Action by Elizabeth W. George, as committee of the person and property of Clara G. Barnabee, an incompetent, against Charles R. Bacon.  From a judgment for plaintiff and from an order denying defendant's motion for a new trial, he appeals.  Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Jacob Klein, for appellant.
Harry D. Nims, for respondent.

SCOTT, J.  This is an action for contribution by one indorser upon a promissory note against a subsequent indorser.  The defendant ap-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

peals from a judgment upon a verdict directed by the court. The note was signed in the name of "The Bostonian's Incorporated," by its president. The corporation was engaged in giving operatic performances. Its principal office was in the city of New York at the office of Loudon G. Carleton (also an indorser), who was an officer and general director of the company. The defendant, Bacon, was manager of the company, and acted as treasurer while the company was traveling. Barnabee, the president, was one of the performers, as was also McDonald, an indorser. The incompetent plaintiff was the wife of Barnabee, and it was she who ultimately paid the note. The company appears to have been stranded in Pittsburgh and needed money to get home. The note, after it had been indorsed by all of the indorsers, was discounted at the New Amsterdam Bank, and the proceeds were checked out by the defendant, Bacon, in pursuance of the purposes for which the note was made. Bacon made the arrangements with the bank for the discount of the note, and procured it to be signed by the president. It does not appear whether or not the incompetent signed at his request. The incompetent's indorsement is the third in order, and Bacon's is the fifth. The defendant relies solely upon section 118 of the negotiable instruments law (Consol. Laws, c. 38), which reads as follows:

"Order in which indorsers are liable. As respects one another, indorsers are liable prima facie in the order in which they indorse; but evidence is admissible to show that as between or among themselves they have agreed otherwise. Joint payees, or joint indorsers who indorse are deemed to indorse jointly or severally."

If there was sufficient evidence in the case to justify a finding that the parties had otherwise agreed among themselves, the prima facie presumption disappears, and the indorser who actually pays the note is entitled to contribution. And it is not necessary that there shall be proof of an actual formal contract in so many words. It is sufficient if the surrounding circumstances indicate that the indorsements were made upon the common understanding that all the indorsers should participate in the liability.

"Their lordships see no reason to doubt that the liabilities inter se of the successive indorsers of a bill or promissory note must, in the absence of all evidence to the contrary, be determined according to the ordinary principles of the law merchant. He who is proved or admitted to have made a prior indorsement must, according to these principles, indemnify subsequent indorsers. But it is a well-established rule of law that the whole facts and circumstances attendant upon the making, issue, and transference of a bill or note may be legitimately referred to for the purpose of ascertaining the true relation to each other of the parties who put their signatures upon it, either as makers or as indorsers, and that reasonable inferences derived from these facts and circumstances are admitted to the effect of qualifying, altering, or even inverting the relative liabilities which the law merchant would otherwise assign to them." Macdonald v. Whitfield, 8 App. Cas. (H. of L.) 733, 745.

"It is not necessary that there should be a contract on so many words to sign as co-sureties. It was sufficient if it appeared, taking all of the circumstances into account, that that was the nature of the liability which, as between themselves, the parties intended to assume and did assume." Weeks v. Parsons, 176 Mass. 570–575, 58 N. E. 157, 158.

The significant circumstances in the present case are that all of the indorsers were engaged in a common enterprise; that the money to be

raised on the note was for the furtherance of that enterprise; and, so far as appears, that one indorser was as much interested in the enterprise and as much to be benefited by raising the money as was any other. It is likewise a very significant circumstance, as bearing upon the mutual obligations of the indorsers to each other, that all the indorsements were put on the note before it was issued, and solely to give it credit with the bank, and that no indorser gained any profit or advantage from the note except such as was shared by all in the pursuit of the common enterprise. Hagerthy v. Phillips, 83 Me. 336, 22 Atl. 223.

"The indorsements upon bills of exchange or promissory notes rest upon the theory that the liability of indorsers to each other is regulated by the position of their names, and that the paper is transferred from one to the others by indorsement. But this rule has no practical application to accommodation indorsers, where neither of them has owned the paper, and no such transfer has been made." Easterly v. Barber, 66 N. Y. 433, 437.

We are therefore of the opinion that enough appeared to justify a finding that the indorsers upon the note, as between themselves, became joint sureties for the payment of the note, and that the incompetent, having paid it, was entitled to contribution from her co-indorsers. The defendant offered no evidence and made no request to go to the jury, contenting himself with a motion to dismiss the complaint upon the plaintiff's proofs.

It follows that the judgment and order appealed from must be affirmed, with costs. All concur.