STRASBURGER v. MYER STRASBURGER & CO., Inc., et al.   (No. 6991.)

(Supreme Court, Appellate Division, First Department.   April 9, 1915.)

1. BILLS AND NOTES ⬳537—LIABILITY OF INDORSER—QUESTIONS OF FACT.
   Plaintiff, her son, and defendant were interested in a corporation which gave its note for a loan. The parties indorsed as officers and as individuals; plaintiff signing last. She paid the note at maturity, and sued defendant as a prior indorser. *Held*, in the absence of express agreement, that the common financial interest of the parties in the corporation overcame the presumption of successive liability, arising from the order in which they signed, sufficiently to render it a question of fact whether it was their intention to become jointly liable as sureties for the corporation, and not liable to one another in the order of their respective indorsements.

   [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1862–1893; Dec. Dig. ⬳537.]

2. BILLS AND NOTES ⬳266—PRINCIPAL AND SURETY ⬳194—LIABILITY OF INDORSER—CONTRIBUTION.
   Where the president of a corporation paid its note at maturity, whether she, her son, and the defendant, who had indorsed both as of-

ficers of the corporation and as individuals, had become jointly liable as sureties for the. corporation or subject to successive liabilities as indorsers, she was entitled to contribution from the defendant to one-third of the amount paid, with interest from date of payment.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 615–619, 1724; Dec. Dig. ☞266; Principal and Surety, Cent. Dig. §§ 605–623; Dec. Dig. ☞194.]

Ingraham, P. J., dissenting.

Appeal from Trial Term, New York County.

Action by Sarah Strasburger against Myer Strasburger & Co., Incorporated, Samuel M. Strasburger, and Patrick J. Hangley. Judgment for plaintiff on directed verdict and motion for new trial overruled, and defendant Hangley appeals. Reversed and remanded, unless a stipulation reducing recovery is filed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Abraham Benedict, of New York City (Charles S. Guggenheimer, of New York City, on the brief), for appellant.

Edwin M. Otterbourg, of New York City (Charles A. Houston, of New York City, on the brief), for respondent.

LAUGHLIN, J. The recovery was upon a promissory note on the theory that the appellant was liable to the plaintiff as a prior indorser. Myer Strasburger, deceased, was engaged in business in the borough of Manhattan, New York, as an insurance broker until his death on the 2d day of August, 1911. The appellant had been associated with him in that business. On the 5th day of November, 1911, a corporation was organized by the plaintiff, who was the widow of the decedent, and his son, Samuel M. Strasburger, and the appellant, under the name of Myer Strasburger & Co., Incorporated, with a capital of $5,-000, consisting of 50 shares, for the purpose of continuing the insurance business theretofore conducted by the decedent. The plaintiff took 30 shares of the capital stock and was elected vice president. The appellant took 16⅔ shares and was elected secretary and treasurer; and Samuel M. Strasburger took 3⅓ shares, and was elected president. The plaintiff's son and the appellant conducted the business.

In the summer of 1913, the corporation was in need of funds, and an effort was made to obtain a loan from the Columbia Bank. Evidence was given in behalf of the appellant tending to show that the appellant and Samuel M. Strasburger caused a note for $2,500 to be made in behalf of the corporation, under date of June 18, 1913, to the order of said bank, payable in four months, and it was signed in the name of the corporation, by Samuel M. Strasburger as president, and by the appellant as treasurer, and they indorsed it as president and treasurer, respectively, and presented it to the bank for discount; that the bank refused to discount it without their individual indorsements and the indorsement also of the plaintiff; that thereafter they indorsed it individually, following the indorsements already upon it by them in their official capacity, Samuel M. Strasburger signing first and the appellant next, and then caused it to be presented to the plaintiff, who in-

dorsed it after the name of the appellant. There is no evidence of any express agreement between the plaintiff and her son and the appellant, or between her and the appellant, with respect to her indorsement, or with respect to whether any information was communicated to her other than the presentation of the note for indorsement. The note was then presented to and discounted by the bank, and the proceeds were used in the business of the corporation as contemplated. The corporation was unable to pay the note in full at maturity, and the plaintiff paid the balance and received the note, and thereupon brought this action.

[1, 2] The common interest of the plaintiff and her son and the appellant, as owners in separate shares of the entire capital stock of the corporation, doubtless impelled them thus to become accommodation indorsers, with a view to protecting their financial interests; and in such circumstances the presumption arising from the order in which the names of the indorsers appear, if not overcome as matter of law, is sufficiently overcome, at least, to raise a question of fact, as to whether it was not the intention of the parties to become jointly liable as sureties for the corporation, and not liable to one another according to the order of their respective indorsements. See Easterly v. Barber, 66 N. Y. 433; George v. Bacon, 138 App. Div. 208, 123 N. Y. Supp. 103. The court refused appellant's request to go to the jury, which we think should have been granted. The plaintiff, however, would in any event be entitled to contribution from the appellant to the extent of one-third of the amount she was obliged to pay, together with interest thereon from the date of payment. See George v. Bacon, supra. She paid $2,236.03 on the 30th day of October, 1913. If she wishes to stipulate to reduce the recovery to the amount to which she is clearly entitled as matter of law, there is no occasion for a new trial.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event, unless the plaintiff stipulates to reduce the recovery to $789.81, in which event the judgment is so modified and affirmed, without costs.

McLAUGHLIN, CLARKE, and SCOTT, JJ., concur.

INGRAHAM, P. J. (dissenting.) I think this judgment should be affirmed. There is absolutely no evidence, so far as I can see, that would justify a jury in finding that there was any agreement that the indorsers on this promissory note should be jointly liable as sureties for the corporation. In the prevailing opinion it is assumed that the plaintiff and her son and the appellant were doubtlessly impelled to become accommodation indorsers with a view to protecting their financial interests. This is pure assumption, merely based upon the fact that the plaintiff owned some capital stock in the corporation for whose accommodation the note was given. The plaintiff had nothing to do with the actual management of the business of the corporation. She indorsed the notes after the other individual indorsers, and I think was entitled to the benefit of section 118 of the Negotiable Instruments Law (Consol. Laws, c. 38), which provides:

"As respects one another, indorsers are liable prima facie in the order in which they indorse, but evidence is admissible to show as between or among themselves they have agreed otherwise. * * * "

To justify the court in disregarding this express provision of law, there must be evidence to show that as between themselves they have agreed otherwise. It is conceded that there was no such evidence, except a presumption which arises because of the fact that the plaintiff had owned stock in the corporation. This seems to me to be utterly insufficient to justify the presumption of an agreement to be jointly liable as sureties for the corporation. It is not, as I view it, the intention of the parties that controls, but to justify a reversal of this judgment there must be evidence of an agreement between the indorsers. George v. Bacon, 138 App. Div. 208, 123 N. Y. Supp. 103, relied upon by the appellant, presented an entirely different state of facts. There, there was evidence that the court held justified the inference of an express agreement. In this case there is no such evidence, except the mere fact that the plaintiff was the owner of stock of the corporation; and the mere fact that the plaintiff was the owner of stock of the corporation for whose accommodation the note was given is not evidence to sustain a finding of such an agreement.