O'NEILL, RESPONDENT, *v.* MONTANA ELEVATOR CO., APPELLANT.

(No. 4,930.)

(Submitted November 23, 1922. Decided December 11, 1922.)

[211 Pac. 222.]

*Conversion — Warehousemen — Grain Elevators — Storage Receipts — Ownership and Possession — Complaint — Sufficiency — Storage Charges — Tender — Pleading — Curing Error — Measure of Damages.*

Conversion—Warehousemen—Ownership of Grain—Storage Receipt—Possession—Complaint—Sufficiency.
    1. In an action against an elevator company for the conversion of wheat represented by a warehouse receipt, the complaint alleging that plaintiff was the owner of the receipt, was sufficient as against the objection that it did not set forth that at the time the action was commenced he was the owner or entitled to the possession of the wheat itself, since the owner of a warehouse receipt is *prima facie* the owner of the goods represented by it and entitled to their possession upon surrender of the receipt and payment of the storage charges.

Pleading—Complaint—Sufficiency—Prayer No Part of Statement of Cause of Action.
    2. If the facts alleged in the complaint entitle plaintiff to any relief it is proof against a general demurrer, independently of the form of the prayer, the prayer being no part of the statement of a cause of action.

[65 Mont. 259.]

Warehouseman—Nature of Storage Receipt.

3. A warehouse receipt is not merely an acknowledgment that the goods mentioned therein have been delivered, but also constitutes a contract by which the warehouseman agrees to deliver them or goods of the same kind and quality, and his failure to respond gives rise to a cause of action.

Conversión—Warchousemen—Tender of Storage Charges—When Pleading Unnecessary.

4. Under the rule that defective allegations of the complaint may be cured by the answer, *held* that allegation in the complaint that plaintiff had tendered storage charges on the grain stored by him in defendant's elevator on demand for its return was rendered unnecessary by denial in its answer that plaintiff had ever delivered any grain to it.

Same—Measure of Damages—Proper Instruction.

5. An instruction on the measure of damages based on the value of the grain at the time of the conversion, to-wit, when defendant refused to deliver it on demand, was proper under section 8689, Revised Codes of 1921.

Verdict not Disturbed on Appeal, When.

6. Where there is substantial evidence in support of the verdict it will not be disturbed on appeal, even though the record presents numerous inconsistencies in the statements of the witnesses.

Conversion—Warehouseman—Storage Charges—Verdict Failing to Allow Excessive.

7. Where plaintiff in his action for conversion of wheat stored in an elevator asked for a stated amount less the storage charges and the jury awarded him the full amount without deducting such charges, the verdict was excessive, necessitating remanding of the cause with directions to compute the charges and modify the judgment accordingly.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by M. L. O'Neill against the Montana Elevator Company. Judgment for plaintiff and defendant appeals. Modified and affirmed.

*Messrs. Belden & De Kalb* and *Mr. Merle C. Groene,* for Appellant, submitted a brief; *Mr. Greene* argued the cause orally.

*Mr. C. F. Holt* and *Mr. Fletcher Maddox,* for Respondent, submitted a brief; *Mr. Maddox* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Stripped of all superfluous verbiage, the complaint in this action states that between October 1 and November 14, 1916,

plaintiff delivered to the defendant, a public warehouseman, at its elevator in Ashuelot, Montana, 668 bushels of No. 1 Northern wheat, for which the defendant issued to him a warehouse receipt specifying the kind and quantity of grain so delivered; that thereafter defendant expressed a doubt whether the receipt so delivered by it disclosed correctly the amount of wheat actually delivered by plaintiff; that thereupon plaintiff surrendered the original receipt, received payment for 445 bushels and a new receipt for 223.20 bushels, across the face of which defendant's agent had written the following: "This ticket is to be held until an investigation can be made to find out if it was made in error or not." It is alleged that plaintiff waited for a reasonable time, to-wit, until February 6, 1918, and then demanded the 223.20 bushels of grain or its value; that the demand was refused; that the value of the wheat on February 6, 1918, was $1.91 per bushel; and that plaintiff is the owner and holder of the warehouse receipt for 223.20 bushels of grain so delivered to him by defendant. To this complaint a general demurrer was interposed and overruled.

The answer of the defendant consists of certain admissions, certain denials and new matter pleaded as an affirmative defense. Considered in its entirety, the answer amounts to an admission that plaintiff delivered a certain quantity of wheat; that defendant issued therefor the original receipt for 668 bushels; that the original receipt was surrendered; that it paid plaintiff for 445 bushels and delivered to him the new receipt for 223.20 bushels with the writing thereon as indicated above; that the period from November, 1916, to February, 1918, was a reasonable time for making an investigation; that on or about February 6, 1918, plaintiff made demand for the wheat or its value; that the demand was refused; and that defendant has never delivered the wheat to plaintiff nor paid him therefor. Defendant denied that plaintiff ever delivered more than 445 bushels of wheat represented by the original warehouse receipt, and alleged that it paid for all the wheat actually delivered to it by plaintiff; that it made an

investigation of the alleged discrepancy and ascertained that the original receipt was issued for 223.20 bushels more than plaintiff delivered; and that plaintiff acknowledged that such mistake had been made. The reply put in issue all of the affirmative allegations in the answer. The trial of the cause resulted in a verdict and judgment in favor of the plaintiff, and from the judgment this appeal is prosecuted.

It is contended by defendant that the receipt was delivered conditionally and that the complaint fails to disclose that the condition had been fulfilled. Construed in the most liberal manner, the writing upon the receipt amounts to nothing more than an agreement by the terms of which plaintiff consented to permit defendant a reasonable time within which to investigate the alleged mistake. That is the only condition upon which the second receipt was delivered, and it is charged in the complaint that a reasonable time was extended to defendant to make the investigation and this is admitted by the answer.

It is contended further that the complaint fails to state [1] that at the time this action was commenced, plaintiff was the owner or entitled to the immediate possession of the wheat represented by the second receipt; but the complaint does allege that plaintiff is the owner of the receipt itself and that defendant has failed and refused to deliver the grain or to pay for it, and this is sufficient. (*Oehmen* v. *Portmann,* 153 Mo. App. 240, 133 S. W. 104.) The owner of a warehouse receipt is *prima facie* the owner of the goods represented by it and entitled to the possession thereof upon surrender of the receipt and payment of the proper charges. (40 Cyc. 411; sec. 31, Chap. 93, Laws 1915, in force at the time these transactions occurred.) Although in the prayer of the complaint plaintiff demanded a return of the grain or its value, [2] the prayer is no part of the statement of the cause of action, and if the facts alleged entitle plaintiff to any relief, the complaint is proof against a general demurrer independently of the form of the prayer. (*Donovan* v. *McDevitt,* 36 Mont. 61, 92 Pac. 49.) A warehouse receipt is more than a

[3] mere acknowledgment that the grain mentioned therein has been delivered. It is also a contract by which the warehouseman agrees to deliver the grain or grain of a similar kind and like quantity, and a failure to respond gives rise to a cause of action. (Secs. 32 and 35, Chap. 93, Laws 1915; 6 C. J. 1151, 1152.)

The complaint does fail to allege that at the time plaintiff demanded the grain (February 6, 1918) he tendered the [4] storage charges then due, and in this respect the complaint is defective; but it is elementary that allegations omitted from a complaint may be supplied by the answer and the defect cured. (*Stephens* v. *Conley,* 48 Mont. 352, Ann. Cas. 1915D, 958, 138 Pac. 189.) The answer denies that plaintiff ever delivered the 223.20 bushels of wheat, and in effect sets forth that he did not make such delivery, and for this reason defendant refused to account for that quantity of grain. It is apparent that defendant did not refuse to deliver the grain because of the failure of plaintiff to pay the storage charges, but because defendant claimed that plaintiff had never stored that grain with it. If this reason for defendant's failure had been set forth in the complaint, it would have obviated the necessity for pleading a tender of the storage charges, and it is equally effective though it appears in the answer. Defendant cannot in the same breath deny that plaintiff stored the grain and insist that he allege and prove that he tendered the storage charges upon the same grain. (*Anderson* v. *Portland Flouring Mills Co.,* 37 Or. 483, 82 Am. St. Rep. 771, 50 L. R. A. 235, 60 Pac. 839; *Tarbell* v. *Farmers' Mutual Elevator Co.,* 44 Minn. 471, 47 N. W. 152.)

This case was tried as one in conversion, but counsel for defendant err. in assuming that the conversion occurred [5] when the original receipt was surrendered and the new receipt given. Holding the grain for a reasonable time after the new receipt was given could not be wrongful because it was done by agreement of the parties or at least with the tacit consent of the plaintiff. The conversion, if any, occurred on or about February 6, 1918, when defendant refused, after a

reasonable time, to deliver the grain or pay for it, and the court's instruction No. 5 states correctly the measure of damages. (Sec. 8689, Rev. Codes 1921.) The value of the grain on the date mentioned was admitted.

Error is predicated upon the refusal of the court to direct a verdict for the defendant. The record discloses that in addition to his own grain plaintiff delivered to defendant some wheat belonging to a Mrs. Gordon. The jury had to determine but a single question: Did all of the 668 bushels of wheat delivered by plaintiff to defendant, and for which the original warehouse receipt was given, actually belong to plaintiff, or did that amount include 223.20 bushels which belonged to Mrs. Gordon? Plaintiff testified positively that the 668 bushels represented his own wheat which he actually delivered to the defendant and that that amount was exclusive of the wheat which he delivered for Mrs. Gordon. On the contrary, defendant's witness Kinley, the agent in charge of the elevator, testified that after the delivery of the original receipt, plaintiff informed him that a portion of the grain represented by that [6] receipt belonged to Mrs. Gordon and a receipt for approximately 223.20 bushels was issued to her. Waiving aside the numerous inconsistencies which appear from the record, the utmost that can be said of the testimony in its entirety is that it presents a sharp conflict. The jury found for the plaintiff, and since there is substantial evidence to sustain the verdict, we are not authorized to set it aside entirely. However, the [7] verdict is excessive. Plaintiff prayed for $426.31 with interest, less the amount due defendant "as storage on said grain according to the condition on the back of said storage receipt." The jury returned a verdict for the full amount without making any deduction for storage charges, and judgment was entered accordingly. It is manifest that when the jury found that plaintiff had actually delivered the 223.20 bushels of grain, he became liable for the storage charges computed according to the warehouse receipt which furnishes the foundation for his cause of action.

The cause is remanded to the district court, with directions to compute the storage charges according to the terms of the warehouse receipt and deduct the amount thereof. When the judgment is so modified, it will stand affirmed. Each party will pay his own costs of the appeal.

*Modified and affirmed.*

ASSOCIATE JUSTICES FARR and GALEN concur.

MR. CHIEF JUSTICE CALLAWAY and MR. JUSTICE COOPER did not hear the argument and take no part in the foregoing decision.