BAROCH, RESPONDENT, v. GREATER MONTANA OIL CO.
ET AL., APPELLANTS.

(No. 5,378.)

(Submitted February 16, 1924.   Decided March 8, 1924.)

[225 Pac. 800.]

*Promissory   Notes—Conditional   Guaranty—Delivery—Failure
of Performance of Condition—Nonliability of Indorser—Evidence.*

Promissory Notes—Guaranty—Nature of Contract.
1.   Although the contract of guaranty is collateral to the contract of
the principal debtor, the two are distinct and independent, there
being, as to the contract of guaranty, no privity, mutuality or joint
liability between the principal debtor and his guarantor.

Same—Delivery a Condition Precedent to Liability.
2.   Under section 8423, Revised Codes of 1921, delivery of a promissory note, in order to be effectual, must be made by or under the
authority of the maker of the instrument, and therefore where no
such delivery is shown the payee named therein cannot recover on it.

Same — Conditional Execution — Oral Contemporaneous Agreement — Evidence—Admissibility.
3.   Evidence of a contemporaneous oral agreement is admissible as
against parties not holders in due course of a promissory note
to show that the instrument was not to take effect until the performance of some condition.

Same—Guaranty Conditioned upon Others Doing so—Failure of Performance of Condition—Effect.
4.   *Held*, that the rule that it is a good defense against the payee
of a promissory note that defendant indorsed the note on condition
that plaintiff payee would secure additional indorsers before the note
should become binding which he agreed but failed to do is applicable
to one who guaranteed the note provided a certain number of others
should do likewise, and parol testimony is admissible to such agreement.

*Appeal from District Court of Judith Basin County; John
C. Huntoon, Judge.*

ACTION by V. F. Baroch against the Greater Montana Oil
Company and others. From a judgment for plaintiff, defendants appeal.   Reversed and remanded for a new trial.

*Mr. Oscar O. Mueller* and *Mr. Earl Wineman*, for Appellants, submitted a brief; *Mr. Mueller* argued the cause orally.

*Messrs. Cheadle & Cheadle,* for Respondent, submitted a brief; *Mr. E. K. Cheadle* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

The parties plaintiff and defendant at the trial and in this court have treated this as an action to recover on a promissory note and accordingly it will be so considered by us. All are joined in the one action alleged in one count. The only allegation as to the liability of individual defendants, including the plaintiff, appears on the back of the note under the legend: "Payment guaranteed," followed by the signatures of such defendants and also plaintiff's own signature. No question was raised by demurrer or otherwise as to the sufficiency of the complaint so that we shall raise none. The persons named individually as defendants filed a separate answer alleging by way of affirmative defense to plaintiff's right of recovery against them that the note was by them signed as guarantors upon condition that all of the sixteen original stockholders of the defendant corporation should likewise sign; that the plaintiff agreed to obtain such signatures but failed so to do and that there was in consequence no delivery of the note. The defendant corporation by its answer pleads like defense and additionally that the obligation was fully paid and discharged. Issues were joined by separate replies and the cause was tried to a jury, at the conclusion of which the court on plaintiff's motion directed a verdict in plaintiff's favor, upon which judgment was entered. A motion for a new trial having been presented and denied, the defendants have appealed from the judgment, and have attempted also to appeal from the order denying them a new trial.

The attempted appeal from the order is dismissed, such appeals being abolished by statute. (Sec. 9745, Rev. Codes 1921.)

The errors assigned present but one question determinative of this appeal, namely: Was there a delivery of the note to plaintiff?

It appears that the plaintiff, who was secretary of the defendant corporation, proposed at a meeting of the board of directors of the defendant company to advance $4,000 to the corporation and to take the note in suit for the principal sum of $4,600 as evidence of the debt, $600 being allowed as a bonus for furnishing the money, in addition to provision for the payment of interest at the rate of ten per cent per annum. The minutes of the meeting of the board of directors of the defendant corporation at which the indebtedness was contracted, recite: ''Inasmuch as the receipts from stock sales to date had not been sufficient to meet expenses, it was decided that the corporation should borrow enough money to pay all bills and to have a balance on hand to meet the future expenses of the company. It was also the opinion of all present that a block of the Treasury Stock should be pledged as security to the note. Mr. V. F. Baroch offered to loan the corporation forty-six hundred dollars under such an arrangement for a period of thirty days, at ten per cent interest, and under the further provision that what is termed the Original Stockholders endorse the note. The motion was duly made and seconded that the corporation borrow forty-six hundred dollars from V. F. Baroch for a period of thirty days, at ten per cent interest, and that the president and secretary be authorized and empowered to subscribe the name of the Corporation to a note for the amount and to draw a stock certificate for fifteen thousand shares of the capital stock and attach the same to said note as collateral security thereto. Carried. The motion was duly made, seconded and carried that the receipts from all future stock sales shall be first applied on the above obligation until the same is paid.''

The board of directors' meeting was held on May 15, 1920, and the note was not executed until May 20, 1920. It was prepared by the plaintiff and remained in his exclusive possession to the date of the trial, nearly three years later. As secretary of the company he executed the note and then circulated it among the stockholders securing their signatures to the indorse-

ment which he himself signed. He said the understanding was that the obligation should be signed by all the sixteen original stockholders of the company, but he had secured the signatures of only six, inclusive of his own.

The form of the verdict upon which the judgment was entered is as follows: "We, the jury in the above-entitled action, do find for the plaintiff and against the defendants, Greater Montana Oil Co., a corporation, William Brownlee, Joseph Eveland, W. F. Kruckeberg, Fred Rector and H. U. Brownlee, as follows: Against the defendant, Greater Montana Oil Company, a corporation, the sum of $5,903.35; and against the defendants William Brownlee, Joseph Eveland, W. F. Kruckeberg, Fred Rector and H. U. Brownlee the sum of $4,919.46, the said sum being included in the portion of the said verdict against the said Greater Montana Oil Company, a corporation, and for the sum of $35.90 costs in the said action."

What is laid down as the rule respecting the liability of guarantors in the case of *Square Butte State Bank* v. *Ballard,* 64 Mont. 554, 210 Pac. 889, has no application here, as both parties have proceeded to trial upon the merits of the action without question. In passing, however, attention is called to the fact that a guarantor is liable for the debt, default or miscarriage of the principal (sec. 8171, Rev. Codes 1921), whereas an indorser engages that upon presentation of the obligation it will be accepted or paid, or both, according to its tenure. (*Id.,* 8743.) Although the contract of guaranty is collateral [1] to the contract of the principal debtor the two are distinct and independent. There is no privity, mutuality or joint liability between the principal debtor and his guarantor.

Treating the action, then, as one to establish the liability of [2] the defendant corporation as principal and that of the individuals as indorsers, we are confronted at once with the provisions of our statute reading in part as follows: "Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards

a remote party, other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting, or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument." (Sec. 8423, Rev. Codes 1921.)

Applicable to the undisputed facts, the plain language of the statute bars plaintiff's right of recovery, for the instrument was never completed in accordance with the agreement and there was no delivery. It is well settled that evidence of a con-

[3]   temporaneous oral agreement is admissible as against parties not holders in due course to show that the instrument was not to take effect until some condition was performed. The cases are unanimous in so holding, and we merely make reference to the collection thereof to be found at page 77 under section 16 of the Uniform Negotiable Act, vol. 5, Uniform Laws Annotated, Negotiable Instruments Act, by Edward Thompson & Co., Brannon's Negotiable Instrument Law, sec. 16, p. 61.

In *Seattle National Bank* v. *Becker*, 74 Wash. 431, 133 Pac. 613, it was held in an action involving a similar state of facts

[4]   that in an action against the indorsers of a note it is a good defense as against the payee that the defendants indorsed the note on condition that the payee would secure additional indorsers before the note should be binding on them, which the payee agreed but failed to do. We think this is the correct principle to be applied to the facts in the case before us, viewed as one respecting the liability of indorsers. (See, also, *Jenkins* v. *Baltimore First Nat. Bank*, 134 Md. 85, 106 Atl. 174; *Young* v. *Hays*, 212 Mass. 525, 99 N. E. 327; *Robertson* v. *Virginia Nat. Bank*, 135 Va. 166, 115 S. E. 536.) There is no good reason why the same rule should not apply to guarantors, and in our opinion it is identical. Parol evidence is admissible in defense to show as between the original payee and a guarantor that it was agreed that the payee would secure the signatures of other guarantors. The condition having been

breached by the payee, the obligation failed as between them. This rule has been given recognition and we think properly. (*Belville Savings Bank* v. *Bornman,* 124 Ill. 200, 16 N. E. 210; *Merchants Exchange Bank* v. *Lucknow,* 37 Minn. 542, 35 N. W. 434; see, also, *Allison* v. *Sumner,* 210 Ill. App. 25.)

Our statute expressly authorizes the reception of parol evidence for the proper construction of an instrument to show the circumstances under which it was made, including the situation of the subject of the instrument and of the parties to it (sec. 10521, Rev. Codes 1921); also where there is a mistake or imperfection of a writing put in issue by the pleadings, as in the case before us. (*Id.* 10517.) The court properly admitted parol evidence respecting the understanding had at the time of the execution of the note.

In view of the pleadings and admitted facts, we do not understand why the court should have taken the case from the jury. The form of the verdict and judgment are unusual; however, no question has been raised with respect thereto.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and STARK concur.

Rehearing denied March 22, 1924.