## ANDERSON, RESPONDENT, *v.* BORDER ET AL., APPELLANTS.

### (No. 5,839.)

(Submitted February 9, 1926. Decided March 5, 1926.)

[244 Pac. 494.]

*Promissory Notes — Complaint — Sufficiency — Surplusage — Indorsers — Evidence — Admissibility — Directed Verdict — Motion by Both Parties—Effect.*

Promissory Notes—Complaint—Sufficiency—Surplusage.
1. Complaint in an action on a promissory note alleging that defendants had executed it, its subsequent assignment to plaintiff for value, the amount remaining unpaid and that plaintiff was the owner and holder thereof, *held,* to state a cause of action, and an allegation that defendants had secured plaintiff's signature thereto as surety and guarantor in order to secure an extension of time of payment, not being made the basis of recovery, was surplusage.

Pleading—Complaint—When Sufficiency Upheld.
2. In determining whether a complaint states a cause of action, surplusage or irrelevant and redundant matter will be disregarded and the pleading sustained if it states a cause of action on any theory.

Trial—Directed Verdict—Motions by Both Parties—Effect.
3. Where both parties move for a directed verdict they in effect submit the cause as on an agreed statement of facts, and therefore alleged error in the exclusion of offered testimony will ordinarily be considered on appeal as unimportant; such motions constitute demurrers to the evidence and raise for determination only the question of its legal sufficiency upon which to base a judgment.

Promissory Notes—Indorsement After Delivery—Effect.
4. Section 8471, Revised Codes of 1921, with reference to the liability of irregular or accommodation indorsers, has no application where a party places his indorsement on a promissory note after its delivery to the payee unless he does so pursuant to an agreement or understanding had prior to delivery that the indorsement should relate back and be considered as having been made before delivery; in the absence of such an agreement the indorsement constitutes a contract of guaranty rather than one of surety.

Same—Negotiable Instruments Act—Scope of Act.
5. The Negotiable Instruments Act deals with negotiable instruments only so long as they remain in the hands of holders in due course; in other hands they are subject to the same defenses available as against non-negotiable ones.

Same—Liability of Maker and Indorser.
6. The liability of the maker of a promissory note is absolute, while that of an indorser is contingent upon the default of the maker.

---

3. Effect of request by both parties for direction of verdict, see notes in 6 Ann. Cas. 545; 13 Ann. Cas. 372; Ann. Cas. 1913C, 1342.

Same—Successive Indorsements—Joint Liability—Parol Evidence—Admissibility.

7. While it is the general rule that where a number of persons successively sign a note, they are *prima facie* liable in the order in which their names appear even though they are in fact accommodation indorsers, their intention that there should be a joint, rather than a successive, liability may be inferred from the circumstances incident to the indorsements, and parol evidence is admissible to show that there was an agreement between them to that effect. ·

Same—Indorsement in Representative Capacity With Knowledge of Plaintiff—Parol Evidence—Admissibility.

8. In an action on a promissory note -which had never been previously negotiated. and was overdue when plaintiff acquired it by assignment, and who was therefore not a holder in due course, parol evidence was admissible to show that defendants with plaintiff's knowledge had indorsed the note with the understanding that each was doing so as representative of an association and not in his personal capacity.

Same—Indorsement in Representative Capacity With· Knowledge of Plaintiff—Corporate Minutes—Admissibility in Evidence.

9. The minutes of a meeting of the board of directors of a corporation attested as correct by its president, plaintiff in an action on the corporation's note against indorsers thereon, acquired by plaintiff after maturity, tending to show that plaintiff knew that when the indorsements were made defendants indorsed as representatives of various farmers' associations and not in their individual capacities, were admissible in support of the defense disclaiming personal responsibility for its payment.

---

[1] Bills and Notes, 8 C. J., sec. 1122, p. 857, n. 85; sec. 1160, p. 886, n. 48. Pleading, 31 Cyc., p. 68, n. 75, 76; p. 70, n. 90.

[2] Bills and Notes, 8 C. J., sec. 1357, p. 1045, n. 90. Pleading, 31 Cyc., p. 69, n. 86, 89; p. 116, n. 55 New.

[3] Appeal and Error, 4 C. J., sec. 2615, p. 705, n. 95. Trial, 38 Cyc., p. 1565, n. 76, 78; p. 1582, n. 70.

[4] Bills and Notes, 8 C. J., sec. 130, p. 83, n. 17, 20; sec. 400, p. 253, n. 68; sec. 815, p. 583, n. 95; sec. 1371, p. 1060, n. 36; sec. 1387, p. 1067, n 34 New. Guaranty, 28 C. J., sec. 1, p. 886, n. 6; sec. 4, p. 890, n. 46; p. 891, n. 47.

[5] Bills and Notes, 8 C. J., sec. 41, p. 48, n. 73.

[6] Bills and Notes, 8 C. J., sec. 558, p. 377, n. 21; sec. 400, p. 253, n. 63.

[7] Bills and Notes, 8 C. J., sec. 455, p. 289, n. 58; sec. 456, p. 291, n. 75.

[8] Evidence, 22 C. J., sec. 1642, p. 1230, n. 86.

[9] Bills and Notes, 8 C. J., sec. 1338, p. 1023, n. 50.

7. Rights *inter se* of accommodation parties to commercial paper, see note in 28 L. R. A. (n. s.) 1039.

Necessity of express agreement between indorsers to be jointly and not successively liable, in order to give a right of contribution between themselves, see notes in 11 A. L. R. 1332.

8. Rights of acquirer of accommodation paper after maturity, see notes in 36 Am. Rep. 335.

*Appeal from District Court, Fergus County; Edgar J. Baker, Judge.*

ACTION by Peter E. Anderson against L. F. Border and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded for a new trial.

*Mr. Charles J. Marshall* and *Messrs. Murphy & Whitlock* for Appellants, submitted a brief; *Mr. M. N. Whitlock* argued the cause orally.

*Mr. Oscar O. Mueller,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted to recover on a promissory note the sum of $10,000, with interest and a reasonable attorney's fee for bringing the action, less a credit allowance of $500 paid on the note. It appears from the complaint that the note was executed on March 28, 1918, for the principal sum of $10,304.85, payable six months after date to the Empire Bank & Trust Company, at Lewistown, Montana, with interest at the rate of ten per cent per annum "and reasonable attorney's fees." It is shown to have been signed by "Fergus County Co-op. Ass'n., F. G. Hughes, Sec.," and then follow the names of "L. F. Border, James A. Hansen, B. E. Blackman, J. B. Holmes, L. O. Battey, H. P. Gramley, and J. F. Arnold, Pres., Equity Co-op. Ass'n., Forest Grove, Montana." Whether the individuals named executed the note as makers or indorsers is not clear from the allegations of the complaint. Indorsements of payments made show that the note was fully paid on January 2, 1919. The complaint alleges: "II. That the above-named defendants in order to secure an extension of time for the payment of said note, secured the plaintiff to sign said note as a surety and as a guarantor for the said extension of time. III. That on or about the second

day of January 1919, the above-named plaintiff paid the Em-
pire Bank & Trust Company, the owner of said note, the sum
of $10,000, and the said Empire Bank & Trust Company there-
upon indorsed, delivered, and transferred the said note to
the plaintiff, who is now the owner and holder thereof.''

The defendants in their answer acknowledge the execution
and delivery of the note, but aver that they executed it as
indorsers only; that at the time of the execution of the note
the plaintiff was an officer of the Fergus County Co-operative
Association, and as such officer knew of the making and delivery
thereof on behalf of the Fergus County Co-operative Associa-
tion. It is denied that the plaintiff signed the note as a surety
or guarantor. And, by way of affirmative defense, it is al-
leged that at the time and place of the making and delivery
of the note it was mutually agreed between the plaintiff and
the defendants, and each of them, that the defendants so
indorsing the note were doing so in a representative capacity,
and that they were not to be held individually responsible, it
being averred that each of the defendants so indorsing the
note did so as a representative of a particular co-operative
association, affiliated with the Fergus County Co-operative
Association, and not in his individual capacity, the various
co-operative associations for whom the individuals were acting
being branch organizations of the principal maker of the note
which was the parent company; and it is further alleged that,
if the plaintiff purchased the note from the bank, he did so
with full knowledge on his part that the defendants indorsed
the note in their representative capacity and not as individuals,
and that, having purchased the note with full knowledge of
all of the facts surrounding its execution and indorsement,
the plaintiff is now estopped from collecting thereon against
the defendants individually.

The reply denies the affirmative allegations of the answer
and that the plaintiff was an officer of the Fergus County Co-
operative Association at the time of the execution of the note,
and avers that he had no knowledge concerning the execution

and delivery of the note until some time in the month of September, 1918, when he was requested to guarantee its payment or to purchase the same, at which time he indorsed it.

The case was brought on for trial before the court, sitting with a jury, and, after the jury had been impaneled, and the plaintiff's first witness called and sworn to testify, the defendants objected to the introduction of any evidence on behalf of the plaintiff on the ground that the complaint fails to state facts sufficient to constitute a cause of action, which objection was overruled. The plaintiff thereupon introduced the note in evidence, and testified that he paid $10,000 for it on January 2, 1919, and that he has since been the holder and owner of it, and that there remains due and unpaid thereon the amount for which judgment is sought, with interest and attorney's fees. He admitted that his signature appears on the note as an indorser, and stated that he signed the note at the Empire Bank on or about September 15, 1918, at the request of Mr. Gramley, whose name also appears on the note as an indorser. No further explanation is made by him as to why he signed it, nor the reason he paid it, save that it appears from his testimony that during the year 1919 he was the president of the Fergus County Co-operative Association and was winding up its affairs. Plaintiff then rested, and the defendants moved for a nonsuit, which was denied.

Each of the appellants was called and testified as a witness in defense. They severally testified that they acted as the representatives of certain branch co-operative associations, and represented such associations upon the board of directors of the parent organization, the Fergus County Co-operative Association, by which the note in suit was executed as principal. Each stated that he was present at a meeting of the board of directors of the maker of the note, held in Lewistown, at the time of its signing by the principal and defendants herein; that the plaintiff was also present; and that prior to its execution considerable discussion was had with respect thereto. The defendants offered to prove by appellants as witnesses that

[75 Mont. 516.]

they each individually indorsed the note with the distinct understanding and agreement in advance that each was indorsing it as a representative of the elevator company, or co-operative association, which he individually represented, not in his individual capacity, and that he should not thereby incur any individual responsibility. Such testimony was corroborated by J. F. Arnold, who also indorsed the note at the time of its execution and delivery, and like offer of proof was made as respects the evidence he was prepared to give detailing the conditions under which the note was indorsed. This offered evidence was excluded by the court.

In addition, the defendants offered the minute-books of the Fergus County Co-operative Association, showing the minutes of certain meetings of that company held after the plaintiff had paid the note, the correctness of which is attested by plaintiff's signature, from which it appears that the several elevator companies, having representatives on the board of directors of the Fergus County Co-operative Association, are held responsible for the payment of their proportion of the notes executed by the parent company, and that each of such subsidiary organizations would be expected to pay its proportion of the indebtedness. Objection to the introduction of such minute entries was sustained by the court.

The action was dismissed as against J. F. Arnold and L. F. Border on account of their alleged bankruptcy. At the close of all the testimony, both parties moved for a directed verdict and the motion of the plaintiff was sustained, and judgment entered against the appellants Blackman, Holmes and Hawley in the sum of $15,125, together with an attorney's fee fixed in the sum of $750, and costs of suit. A motion for a new trial was regularly made and denied. The appeal is from the judgment.

The appellants have specified fourteen alleged errors, but in our opinion but three questions so presented need be considered in disposition of the appeal, *viz.*: (1 Does the complaint state a cause of action? (2) Is the evidence sufficient to sustain

the judgment? (3) Did the court err in the exclusion of evidence?

1. Simply stated, the complaint shows the execution of the
[1]  note by the appellants, with others, its subsequent assignment by transfer to the plaintiff for value, and the amount remaining due and unpaid thereon. The note as set out in the complaint does not show the presence of the plaintiff's signature thereon as an indorser, guarantor, or otherwise, although, as above shown, it is alleged in paragraph II that, in order to secure an extension of time of payment, the defendants secured the plaintiff's signature thereto "as a surety and as a guarantor." The plaintiff's cause of action is predicated alone upon the alleged fact that he paid the amount due on the note to the bank in purchase thereof, and that it was "thereupon indorsed, delivered, and transferred" to him, and that he "is now the owner and holder thereof." The allegation that he signed the note as "a surety and as a guarantor" in order to secure an extension of the time of payment may be treated as surplusage, as it is not made the basis of his right of recovery. Manifestly, a cause of action is stated on the theory that the plaintiff, having paid the full amount due upon the note, thus became the owner thereof by transfer and became substituted to all the rights of the original payee against the makers and indorsers. It is to be noticed that the action is on the note, and, from the allegations of the complaint, the plaintiff as the purchaser and holder thereof is *prima facie* entitled to recover. Matters of defense or proof are of no concern in determining whether a cause of action is stated. The plaintiff's remedy and the liability of the defendants should not be confused. A complaint is sufficient where a
[2]  cause of action is stated on any theory. (*Stiemke* v. *Jankovich,* 68 Mont. 60, 217 Pac. 650; *Hicks* v. *Rupp,* 49 Mont. 40, 140 Pac. 97; *State ex rel. Rankin* v. *Martin,* 68 Mont. 392, 219 Pac. 632; *Griffin* v. *Chicago, M. & St. P. Ry. Co.,* 67 Mont. 386, 216 Pac. 765; *Adams* v. *Durfee,* 67 Mont. 315, 215 Pac. 664; *Saint* v. *Beal,* 66 Mont. 292, 213 Pac. 248; *Grover* v.

*Hines,* 66 Mont. 230, 213 Pac. 250; *Awbery* v. *Schmidt,* 65
Mont. 265, 211 Pac. 346; *O'Neill* v. *Montana Elev. Co.,* 65
Mont. 259, 211 Pac. 222; *Grant* v. *Nihill,* 64 Mont. 420, 210
Pac. 914; *Simonsen* v. *Barth,* 64 Mont. 95, 208 Pac. 938; *Hurley* v. *Great Falls Baseball Assn.,* 59 Mont. 21, 195 Pac. 559;
*Wheeler & Motter Merc. Co.* v. *Moon,* 49 Mont. 307, 141 Pac.
665.)

The complaint before us meets the requirements. Whether
the plaintiff is able to sustain his theory of the cause of action
is wholly a different question. In determining whether the
complaint states a cause of action, irrelevant and redundant
allegations will be disregarded, and determination made from
the allegations of the complaint alone as to whether the plaintiff from any viewpoint is entitled to relief. (*Stiemke* v.
*Jankovich, supra; State ex rel. Rankin* v. *Martin, supra.*)

2. The note was introduced in evidence. It appears therefrom that the defendants signed the note as indorsers on the
back thereof, and that the plaintiff signed it on the back following the names of the other indorsers. He testified that he
first became familiar with the note and its contents when
he made purchase of it from the Empire Bank & Trust Company on January 2, 1919; that on that date he paid $10,000
for it; and that since then he has been the owner and holder
of it. It will be noticed that he did not pay the note until
long after its maturity, although he indorsed it a short time
prior thereto. In explanation of his signature as indorser of
the note, he testified that on or about September 15, 1918, he
signed the note at the Empire Bank at the request of Mr.
Gramley, who was one of the previous indorsers of the note;
no other explanation being made by him. He failed to state
the circumstances under which he paid the note and secured
an assignment thereof, or his reason for having paid it. After
the note was paid, as shown by the indorsement on the back
thereof, it was indorsed "without recourse." The facts above
recited comprise all of the undisputed evidence before the

court, from which it was called upon to make a determination of the respective rights of the parties.

Ordinarily since both parties moved the court for a directed [3] verdict, error alleged in the exclusion of offered testimony would be considered on appeal as unimportant, as such submission to the court in effect amounts to an agreed statement of facts. (*Fifty Associates Co.* v. *Quigley,* 56 Mont. 348, 185 Pac. 155; *Buckhouse* v. *Parsons,* 60 Mont. 156, 198 Pac. 444; *Stoltze Land Co.* v. *Westberg,* 63 Mont. 38, 206 Pac. 407; *Barkemeyer Grain & Seed Co.* v. *Hannant,* 66 Mont. 120, 213 Pac. 208.) Those motions constituted demurrers to the sufficiency of the evidence, raising for determination only the question as to its legal sufficiency upon which to base a judgment. (*Long* v. *Davis,* 68 Mont. 85, 217 Pac. 667.)

The character of the liability is a question of law for decision by the court. (*Farmers' Bank* v. *Davies,* 144 La. 532, [4] 80 South. 713; *Jones County Bank* v. *Kurt,* 192 Iowa, 965, 182 N. W. 409.) However, in the case before us, it is impossible to determine from the pleadings and the proof just what the plaintiff's position is in consequence of his signature having been placed on the back of the note after its delivery, and the subsequent payment thereof by him. As a general rule, the statute with reference to the liability of irregular or accommodation indorsers (sec. 8471, Rev. Codes 1921) has no application in instances where a party places his indorsement on a note after its delivery to the payee (Brannan's Neg. Inst. Law, section 65). An exception to the rule is recognized in instances where the indorsement is made after delivery pursuant to an agreement and understanding had prior to delivery to the payee that the indorsement should relate back and be considered as having been made before delivery. (8 C. J. 83.) In the absence of such an agreement, it is generally held that, where the indorsement is made after delivery of the note, it constitutes a contract of guaranty rather than an original obligation. (8 C. J. 83.)

A contract of guaranty "is a promise to answer for the debt, default or miscarriage of another person." (Sec. 8171, Rev. Codes 1921.) But it is distinguishable from one of surety, in that the former is a separate contract whereby the promisor is bound independently of the person for whose benefit it is made, while the latter is a contract whereby the promisor is bound jointly with the principal on the same contract. (*Emerson-Brandingham Imp. Co.* v. *Raugstad*, 65 Mont. 297, 211 Pac. 305.) If the plaintiff paid the note as the president of its maker, the obligation was discharged (sec. 8526, Rev. Codes 1921), and he is now without right of action.

At the trial the plaintiff stated that the note was in the same condition as when he indorsed it, which fact, coupled with the testimony respecting the original execution thereof, and that it remained in the possession of the payee named therein, until long after its maturity, would tend to indicate that it was signed by the defendants at the time of its execution and delivery as accommodation indorsers. None of the indorsements other than that of the bank to the plaintiff constituted a part of the chain of title, and it seems clear that the indorsers never had any interest in the note itself. In the absence of showing to the contrary, it will be presumed that the note was indorsed at the time it was executed. (Subd. 22, sec. 10606, Rev. Codes 1921.) Independent of this presumption, the proof fairly establishes the fact that the defendants signed their names as indorsers to the note before its delivery, and, since the note remained in the hands of the original payee with the indorsements of the defendants thereon until it was paid by the plaintiff, it would appear that the defendants were indorsers for accommodation only.

A person who places his signature upon an instrument, otherwise than as maker, drawer or acceptor, is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity. (Sec. 8470, Rev. Codes 1921.) The Negotiable Instruments Act deals with [5] negotiable instruments only so long as they are in the

hands of holders in due course. If in other hands, they are subject to the same defenses as if non-negotiable. (*United States Nat. Bank* v. *Shupak,* 54 Mont. 542, 172 Pac. 324; *Merchants' Nat. Bank* v. *Smith,* 59 Mont. 280, 15 A. L. R. 430, 196 Pac. 523.) As to one another, all the indorsers are liable in the order of their indorsement; but evidence is admissible as between themselves that they have otherwise agreed, and joint indorsers are deemed to have indorsed jointly and severally. (Sec. 8475, Rev. Codes 1921.)

The Act declares that "the person 'primarily' liable on an instrument is the person who, by the terms of the instrument, is absolutely required to pay the same. All other parties are 'secondarily' liable." (Sec. 8403, Rev. Codes 1921.) The [6] liability of the maker is absolute, while that of the indorser is contingent. (*Hough* v. *State Bank,* 61 Fla. 290, Ann. Cas. 1912D, 1200, 55 South. 462; *Farmers' Bank* v. *Davies,* 144 La. 532, 80 South. 713.) The indorser's liability to pay is contingent upon the default of the maker. (5 Uniform Laws Ann., p. 319, and long list of cases cited.)

An accommodation indorser is one who indorses an instru-[7] ment without receiving value therefor, and for the purpose of lending his name to some other person as a means of securing credit. (Sec. 8436, Rev. Codes 1921.) While it is the general rule that, where a number of persons successively sign a note, they are *prima facie* liable in the order in which their names appear, even though they are in fact accommodation indorsers (3 R. C. L., p. 1133; Dan. Neg. Inst., sec. 703), yet the intention of the indorsers that there should be a joint, rather than a successive, liability may be inferred from the circumstances incident to the indorsements (*Trego* v. *Cunningham,* 267 Ill. 367, 108 N. E. 350; *Weeks* v. *Parsons,* 176 Mass. 570, 58 N. E. 157; *George* v. *Bacon,* 138 App. Div. 208, 123 N. Y. Supp. 103; *Strasburger* v. *Myer Strasburger & Co.,* 167 App. Div. 198, 152 N. Y. Supp. 757; *Plumley* v. *First Nat. Bank,* 76 W. Va. 635, 87 S. E. 95; and note to *Lee* v. *Boykin,* 114 S. C. 480, 11 A. L. R. 1332, 103 S. E. 777).

To make them jointly, rather than severally, liable, it is sufficient that the surrounding circumstances indicate that the indorsers should participate in general liability for the payment of the note. Parol evidence is admissible to show the agreement between the parties as to their liability, and an agreement between them to be equally liable, instead of being liable to each other in succession as their names appear on the note, may be proved by parol. (*Noble* v. *Beeman-Spaulding-Woodward Co.,* 65 Or. 93, 46 L. R. A. (n. s.) 192, 131 Pac. 1006.) In an action by an indorser against a prior indorser, it is competent for the defendant to prove by parol an agreement between all of the indorsers that they were, as between themselves, cosureties, where they are accommodation indorsers. (*Hunter* v. *Harris,* 63 Or. 505, 127 Pac. 786.) The liability of indorsers upon promissory notes generally lies upon the theory that the paper is transferred from one to the other by indorsement, and that the position of their signatures regulates responsibility. However, this rule can have no application to accommodation indorsers, where neither of them has owned the paper, and no such transfer has been made. (*Easterly* v. *Barber,* 66 N. Y. 433; *Thompson* v. *Taylor,* 12 R. I. 109.) Whether the plaintiff's right of action against his coindorsers is on the note, or one for contribution under the provisions of section 7399, Revised Codes of 1921, we are unable to determine from the record facts. If he was an accommodation indorser, then his remedy is not upon the instrument itself, but rather upon the assumpsit which the law implies where a surety is compelled to advance money for his principal. If he was a guarantor, as by him alleged in his complaint, then he may recover the full amount of the note in consequence of having been required to perform his contract as a guarantor.

In the present state of the pleadings and the proof, the rights of the parties are not susceptible of a determination by a court in application of the law. As noted, the plaintiff in his complaint alleges that he signed the note "in order to secure an extension of time for the payment" thereof, "as

a surety and as a guarantor.'' This is denied by the answer, and the plaintiff offered no proof whatsoever in support of the allegation. Again, the answer first alleges that the defendants signed the note as indorsers, and then it is affirmatively alleged that they did not indorse the note at all, as individuals, but rather as representatives of certain named subsidiary companies of the maker of the note. The evidence shows that the plaintiff indorsed the note after its delivery, and just before its maturity, at the request of one of the defendants, who was a previous indorser thereon. Nothing more is shown, so that from the facts thus presented we are unable to come to a conclusion as to the respective rights and obligations of the parties. In such condition of the pleadings and the proof, we conclude that the proof is not legally sufficient to support the judgment, and a retrial must be ordered.

3. Since the case must be remanded in order that it may be [8] once fairly tried and evidence introduced of character sufficient to support a judgment, we shall now proceed to consider and determine whether error was committed by the court in the exclusion of the offered evidence.

As noted above, the statute provides that the indorsers of a promissory note ''are liable *prima facie* in the order in which they indorse; but evidence is admissible to show that * * * they have agreed otherwise.'' (Sec. 8475, Rev. Codes 1921.) Under this statute, parol evidence is admissible to show that the obligation of those indorsing a note before its delivery, pursuant to agreement, was to be a joint, rather than a successive, liability. (Brannan on the Negotiable Instruments Law, sec. 68, and 5 Uniform Laws Ann., Negotiable Instruments, sec. 68.) It is clear that this section has no application to the evidence which was excluded. If admissible at all, it must be upon some other theory.

The general statute applicable to written instruments provides that, when ''the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be between the parties

and their representatives, or successors in interest, no evidence of the terms of the agreement other than the contents of the writing," with certain exceptions not here applicable. (Sec. 10517.)   However, under that section, as well as sections 10521 and 7538, parol evidence is admissible as to the circumstances under which the instrument was made, including the situation of the parties to it, "so that the judge be placed in the position of those whose language he is to interpret."

This section permits proof of the execution and existence of an oral agreement between the parties, collateral to, and executed contemporaneously with, a written instrument, covering and controlling a material matter agreed to by the parties, distinct from, but closely related to, the express subject matter of the written instrument, and not embodied therein. This exception applies to a written instrument which *prima facie* purports to embody the complete obligations of the parties, only where the circumstances attending its execution warrant the inference that the parties did not intend that it should be a complete and final statement of the whole transaction. Evidence of a contemporaneous oral agreement as to any matter upon which the written instrument is silent, and which is not inconsistent with its terms, cannot be said to contradict or vary the terms of the written instrument. Under such conditions oral testimony which does not tend to vary or contradict the terms of the writing itself, but rather serves to make plain the intention of the parties, is admissible. (*United States Nat. Bank* v. *Chappell,* 71 Mont. 553, 230 Pac. 1084.)

At the time the plaintiff paid the note and secured indorsement thereof from the payee it had never been previously negotiated and was overdue, so that he was not a holder in due course. (Sec. 8459.   Such being the case, it was subject to the same defenses as though non-negotiable. Whether he paid it with full knowledge of the conditions under which it is said to have been indorsed by the defendants is a question of fact proper to be determined. If he did so, then the proof of the conditions known to the plaintiff, upon which the defendants

75 Mont.—34

indorsed it, is admissible. Was he a party to the original contract?

In an action on a note indorsed by two persons, with intention not to incur any liability to the payee, who was to indorse the note, which was then to be delivered to a third person, it has been held that all of the indorsements, including that of the payee, were irregular indorsements, and parol evidence was admissible to determine the nature of their contract. (*Barger* v. *Farnham,* 130 Mich. 487, 90 N. W. 281.)

The indorsement by a third person of a note payable to the maker has been held to belong to that class known as irregular or anomalous indorsements, and the obligation of the indorser is held to depend upon the agreement of the parties, and, being ambiguous in that respect, parol evidence is admissible to show the terms of the agreement actually made by the parties, or other facts showing their intention at the time. (*Ewan* v. *Brooks-Waterfield Co.,* 55 Ohio St. 596, 60 Am. St. Rep. 719, 35 L. R. A. 786, 45 N. E. 1094.)

Professor Wigmore says that the extrinsic agreement made by an anomalous indorser should be given effect, and "that the parol evidence rule, in the present aspect, *is binding upon only those persons who are parties to the document.* This form of statement suffices in most instances to reach correct results." (5 Wigmore on Evidence, p. 342.)

In the case of *Baroch* v. *Greater Montana Oil Co.,* 70 Mont. 93, 225 Pac. 800, this court held that evidence of a contemporaneous oral agreement is admissible against a party not a holder in due course to show that the instrument was not to become effectual until the performance of a condition. We can see no good reason why the same rule should not apply to the conditions under which the indorsers signed the note, as to one who is not a holder in due course, if he were in fact thoroughly conversant with the circumstances and conditions under which it was indorsed.

The court was in error in the exclusion of the offered testimony.

The corporate minutes of a meeting of the board of directors
[9] of the Fergus County Co-operative Association, held on February 17, 1920, attested as correct by the plaintiff's signature, which were offered in evidence, and by the court excluded, disclose that, whereas that company is bankrupt, the several elevator companies having representatives on its board of directors be notified "that said representatives have signed notes of the Fergus Co. Co-op. Ass'n, which are past due, and that said Fergus Co. Co-op. Ass'n is bankrupt and that the elevator companies are held responsible for their portion of the payment of said notes."

We are of the opinion that these minutes were improperly excluded by the court, as they afford evidence over the plaintiff's signature, certifying to their authenticity, that he in fact had full knowledge of the circumstances and conditions under which the note was originally indorsed by the defendants. And it will be noted that this directors' meeting was held a month and a half after the plaintiff paid the note, and more than twenty months before the commencement of this action. Furthermore, they afforded proof of the relationship of the plaintiff to the note, the indorsers and its payment, for he was then the president of the Fergus County Co-operative Association, and busy in winding up its affairs. They also were admissible in support of the defense pleaded by the defendants in their answer.

For the reasons stated, the cause is reversed and remanded to the district court of Fergus county, with directions to grant the appellants a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS, concur.

Rehearing denied March 26, 1926.