**ARTO v. JESTER et al.   (No. 8692.)**

(Court of Civil Appeals of Texas. Galveston.
May 7, 1925.)

**1. Subrogation ⚖➙7(7)—One signing renewal note as indorser rather than maker not entitled to recover full amount against former cosurety after paying note.**

Where note had been signed by parties as accommodation makers, with understanding that they were cosureties, signing of renewal note by one of them as indorser *held* not to entitle him to sue principal maker and former cosurety as joint makers after payment and subrogation to holder's rights.

**2. Bills and notes ⚖➙266—Contribution may be enforced between accommodation makers as cosureties.**

Where note was signed by two accommodation makers under general understanding that they were cosureties, contribution could be enforced by one paying note to the extent of one-half the sum so paid with interest and attorney's fees on one-half of such sum as provided in note, in view of Vernon's Ann. Civ. St. Supp. 1922, art. 6001—68.

Appeal from Harris County Court; Roy F. Campbell, Judge.

Action by F. C. Arto against J. F. Jester and another. From a judgment for plaintiff against the defendant named, but dismissing claim as to the other, plaintiff appeals. Reversed and rendered.

Campbell, Myer, Simmons & Hawkins, of Houston, for appellant.

LANE, J. On or about the 1st day of February, 1922, J. F. Jester, F. C. Arto, and another whose name is not shown by the record in this cause, executed and delivered to the Union National Bank of Houston a promissory note for the sum of $300. While Arto and such unnamed party appeared on the note as joint makers with J. F. Jester, they were in fact only accommodation makers for J. F. Jester, who received all the money loaned by the bank upon the note. The note was not paid when due, and it was renewed by J. F. Jester and F. C. Arto only as makers. Said renewal note was not paid at maturity, and Arto informed J. F. Jester that he would not sign a second renewal note unless he, Jester, would get his mother, Mrs. R. A. Jester, to sign the same as a maker also, and that, if he did not get his mother to so sign the note, he, Arto, would pay it and sue him, Jester, for the sum so paid. Being so informed, J. F. Jester executed a second renewal note, and Mrs. R. A. Jester and F. C. Arto signed the same in the order named. The note last mentioned was renewed by all three parties several times; the names of J. F. Jester, Mrs. R. A. Jester and F. C. Arto appearing thereon as makers, while, as a fact, Mrs.

Jester and Arto were accommodation makers only for J. F. Jester. Sixty dollars were paid on the last renewal note by J. F. Jester. After said payment was made there remained unpaid $240 of the original principal borrowed by J. F. Jester, and for this sum a new note was executed by J. F. Jester, who took it to his mother, Mrs. R. A. Jester, who signed the same as joint maker. He then took it to F. C. Arto, and Arto indorsed the same by writing his name on the back thereof, and returned it to J. F. Jester. It was the understanding of the parties in executing said renewal notes, including the last one for $240, that J. F. Jester was the principal debtor, and that Mrs. R. A. Jester and F. C. Arto were accommodation makers for J. F. Jester. After the last note was signed by Mrs. Jester she was not informed that Arto intended to or that he had only indorsed said last note instead of signing it as a maker as he had done on all other renewal notes. When this last note became due and was unpaid F. C. Arto paid the amount due thereon to the Union National Bank, the holder and owner thereof, and the same was by said bank transferred to Arto.

On the 30th day of April, 1924, F. C. Arto brought this suit against J. F. Jester and Mrs. R. A. Jester, and in his petition alleged in substance that the defendants and each of them executed and delivered the note which is the basis of this suit to the Union National Bank on which plaintiff was indorser; that the plaintiff, F. C. Arto, paid the note, which was indorsed over to him by the bank, and that defendants and each of them refused to pay the note, and he asked for judgment on the note for its principal, interest, and attorney's fees. Plaintiff also pleaded in the alternative that on the facts stated, if the court be not of the opinion that he should be entitled to recover on the note, that he should be entitled to recover upon an implied contract to reimburse him for whatever amount he had paid, and that he have judgment upon such implied contract for the principal sum of $240, together with interest as specified in said note, which he had paid, and 10 per cent. attorney's fees.

Mrs. R. A. Jester answered by general denial and by specially alleging that J. F. Jester and F. C. Arto were the joint makers of the original note executed and delivered by them to the Union National Bank for the sum of $300, and that by such execution and delivery they became liable to said bank in said sum of $300; that upon the request of J. F. Jester and F. C. Arto she signed said renewal notes, including the last note of $240; that Arto had been a maker on the original note and all renewals of the same, and that, when the last note was given as a renewal obligation to pay the unpaid part of the original note, and after

---

she had signed the same apparently as a maker, but 'in fact as an accommodation maker only, Arto indorsed said note on its back instead of signing the same as a maker, as he had formerly done, without her consent or knowledge.

J. F. Jester entered no appearance, and judgment was rendered against him by default.

The case was tried before the court without a jury, and judgment was rendered for the plaintiff, F. C. Arto, against J. F. Jester for the sum of $240, together with 8 per cent. per annum interest thereon from February 20, 1924, until paid, and also for 10 per cent. on the $240 as attorney's fees, bearing 6 per cent. interest per annum. It was decreed by said judgment that the plaintiff, F. C. Arto, should recover nothing from Mrs. R. A. Jester, and that she should recover all her costs against Arto. From so much of the judgment as is in favor of Mrs. R. A. Jester F. C. Arto has appealed.

[1] It is the contention of appellant, Arto, that he is an indorser only, and not an accommodation maker of the note sued on, and that, since he paid the amount due thereon as such indorser, and had the same transferred to himself by the bank, it became his property, and that he was by such transfer subrogated to the rights of the bank, and had the right to recover the full amount paid by him in discharge of the note from J. F. Jester as principal maker of the note and against Mrs. Jester for such sum, as a surety, and that the trial court erred in not so holding and in refusing to render judgment in his favor against Mrs. R. A. Jester for the full sum paid by him in discharging said note.

We cannot sustain the contention, so made, as a whole. We think that it is shown that it was mutually understood between plaintiff and Mrs. R. A. Jester that they were to sign the note as cosureties, both to become equally liable as such. Under such circumstances plaintiff Arto would, upon paying the sum due upon the note, be entitled to contribution from Mrs. Jester, his cosurety, for only one-half of the sum so paid by him, and, in case of suit to collect same, he would be entitled to judgment therefor, together with 10 per cent. on said one-half of such sum as attorney's fees, as provided in the note.

[2] It is shown by the agreed facts that it was the understanding of all the signers of the note, plaintiff, Arto, and Mrs. Jester that they were to be accommodation makers, that is cosureties, and it is well settled, we think, that, when successive accommodation parties agree that they are to be liable as cosureties, and not severally, contribution may be enforced, and that it is not necessary that there should be a contract in so many words to sign as cosureties. It is sufficient if they agree among themselves that each would be surety if the other would. nothing being said about the order of indorsement or precedence of liability. 8 Corpus Juris, p. 291, § 456; article 6001—68, Vernon's Civ. St. 1922, p. 1774; George v. Bacon, 138 App. Div. 208, 123 N. Y. S. 103.

In the case last cited it is held that "it is not necessary that there shall be proof of an actual formal contract in so many words" between indorsers as to the order in which they shall be liable, but "it is sufficient if the surrounding circumstances indicate that the indorsements were made upon the understanding that all the indorsers should participate in the liability."

In Corpus Juris, p. 291, § 456, it is said that it is generally held that an agreement between successive accommodation parties to be bound jointly as cosureties may be proven by parol or by circumstances of the case; citing authorities from many states in support of the rule stated.

Having reached the conclusions above expressed, it becomes our duty to reverse the judgment rendered discharging Mrs. R. A. Jester from any liability to plaintiff, Arto, and to here render judgment in favor of Arto against Mrs. R. A. Jester for $120, together with 8 per cent. per annum interest thereon from the 20th day of February, 1924, until paid, same being one-half of the sum paid by Arto to the bank in discharge of the debt due to the bank, evidenced by the note, and for the further sum of 10 per cent. on said sum of $120 and interest, as attorney's fee as provided in said note, and for costs of suit, and it is accordingly so ordered.

It is also adjudged and decreed that Mrs. R. A. Jester have judgment against J. F. Jester for the sum awarded against her in favor of F. C. Arto.

Reversed and rendered.